Anthony MARDEROSIAN, Defendant,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6317.

United States Court of Appeals
First Circuit.

Heard Oct. 7, 1964.

Decided Nov. 2, 1964.

John P. Bourcier, Providence, R. I., with whom Leo Patrick McGowan, Providence, R. I., was on brief, for appellant.

Frederick W. Faerber, Jr., Asst. U. S. Atty., with whom Raymond J. Pettine, U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

The defendant was convicted of violating 26 U.S.C. §§ 7203 and 7262 by failure to pay the special occupational tax before engaging in the business of accepting wagers. His first complaint on this appeal is directed to the adequacy of the affidavit on which a search warrant had been issued. This affidavit, which was quite detailed, in substance re-

cited that affiant had reason to believe that a certain apartment (fully described) contained bookmaking records and wagering material, including bet slips, run-down sheets, adding machine, pencils, etc., used in violation of 26 U.S.C. §§ 4411, 4412 and 7203; that this belief was based upon information from a reliable source that affiant had found to be reliable on prior occasions that defendant, "a person frequently reputed to be a bookmaker" was engaged in the business of accepting wagers at the said apartment, where he was assisted by and associated with one Carlone, and that both defendant and Carlone were regularly driven to the apartment by one Barrett; that affiant kept the activities of all three parties under surveillance between March 28 and May 3, 1962; that he saw defendant enter or leave the apartment building on March 29 and 30, April 2, 3 and 9, and May 3, 1962, and Carlone on April 4 and 11; that he saw Barrett act as chauffeur for one or the other on twelve occasions; that Barrett appeared to have no other employment, and that defendant and Carlone appeared to have no gainful employment whatever; that defendant's home, where he lived with his family, was eleven miles from the apartment; that Barrett did not drive him there; that defendant had been convicted of violating the state gaming laws on several occasions; that the telephone and electricity at the apartment were in the name of Anthony Maccarone, but that affiant had been unable to discover the existence of such a person; that affiant had searched the appropriate treasury records and that no tax stamps had been issued to defendant, Carlone, Barrett or Maccarone. The affidavit gave further details, but we have already set out more than enough to warrant a finding of probable cause for the issuance of a warrant on May 8, 1962. Probable cause means more than mere suspicion, but in no sense requires proof beyond a reasonable doubt.

■ Defendant next contends that the property described in the search warrant was not property "[d]esigned or in-tended for use or which is or has been used as the means of committing a criminal offense," F.R.Crim.P. 41(b) (2), but was only "evidence." It is true that mere evidence may not be seized. Gouled v. United States, 1921, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647. Defendant's argument is that while the property might be gambling "instrumentalities," which could be seized if the offense were gambling, the crime, if any, was only the failure to pay the tax. Defendant asserts, "The possession, in and of itself, of [the property] does not, by any stretch of reasonable imagination, constitute a crime." The statutes whose violation the charging sections make a crime require the tax to be paid before the business of accepting wagers is engaged in. See Federal Tax Regulations § 601.404(d) and (f). In other words, the crime was completed not when the tax was not paid, but when, the tax not having been paid, the business was carried on. Cf. United States v. Sams, D.C.W.D.Pa., 1963, 219 F.Supp. 164, 171; United States v. Bowman, D.C.D.C., 1956, 137 F.Supp. 385, 387. Thus property used in connection with such gambling, although of an innocent nature, is contraband. United States v. $5,608.30 in United States Coin & Currency, 7 Cir., 1964, 326 F.2d 359; United States v. $1,058.00 in United States Currency, 3 Cir., 1963, 323 F.2d 211. There is no merit in defendant's contention.

■ Next defendant asserts error because the court refused to order the government to disclose the name of the informer whose report instigated the surveillance. This is not a case like Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, where the informer was said to have been a participant in the acts constituting the offense. It is not even a case where the informer's statements constituted part of the basis for the finding of probable cause. All matters allegedly disclosed by the informer were thereafter verified and vouched for directly by the affiant. Defendant's basis for seeking the informer's name is not even as valid as

the one found insufficient in Rugendorf v. United States, 1964, 376 U.S. 528, 533, 84 S.Ct. 825, 11 L.Ed.2d 887.

We have examined defendant's other contentions and do not find them to call for discussion. His point about the supplementary charge to the jury might have been well taken if the court had in fact stated what defendant asserts. We do not, however, find the charge capable of that interpretation.

Judgment will be entered affirming the judgment of the District Court.