Joseph DeCESARE and Ralph Blackburn,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 22528.

United States Court of Appeals
Fifth Circuit.

Jan. 31, 1966.

Rehearing Denied March 7, 1966.

Michael A. Lipsky, Matthews & Mandina, Miami, Fla., for appellants.

Wm. J. Hamilton, Jr., First Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., Middle Dist. of Florida, for appellee.

Before JONES and BROWN, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM:

Appellants seek to reverse convictions for willful failure to register for and pay to the District Director of Internal Revenue the special tax required of persons engaged in the business of accepting wagers (26 U.S.C.A. §§ 4411, 4412) in vio-

lation of 26 U.S.C.A. § 7203. None of the four attacks has any merit.

■ First, venue in the Middle District of Florida was obviously correct under F.R.Crim.P. 18 prescribing that "prosecution shall be had in a district in which the offense was committed. * * *," and under the "general rule that where the crime charged is a failure to do a legally required act, the place fixed for performance fixes the situs of the crime." Johnston v. United States, 1956, 351 U.S. 215, 220, 76 S.Ct. 739, 742, 100 L.Ed. 1097, 1101–1102; United States v. Commerford, 2 Cir., 1933, 64 F.2d 28, 32–33, cert. denied, 289 U.S. 759, 53 S.Ct. 792, 77 L.Ed. 1502; Evans v. United States, 5 Cir., 1965, 349 F.2d 653, 656.

■ Second, under the circumstances of this record, there was compliance with 18 U.S.C.A. § 3109 which prescribes that "the officer may break open any outer or inner door or window of a house * * * to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance * * *." In executing the warrant, the Government Agent announced himself by knocking on the door, identified himself as a Federal Agent armed with a warrant and demanded admittance. He heard movements within and smelled smoke and, apprehending that the occupants were attempting to destroy incriminating evidence (confirmed immediately upon entry), ordered his fellow officers to break open the door, enter the premises, and arrest the appellants. Bypassing the Government's first response that § 3109 may not afford a basis for suppression (see Barrientes v. United States, 5 Cir.,

1956, 235 F.2d 116, cert. denied, 352 U.S. 879, 77 S.Ct. 102, 1 L.Ed.2d 80), the actions were entirely reasonable and satisfied § 3109. See McClure v. United States, 9 Cir., 1964, 332 F.2d 19, cert. denied, 1965, 380 U.S. 945, 85 S.Ct. 1027, 13 L.Ed.2d 963; Masiello v. United States, 1963, 115 U.S.App.D.C. 57, 317 F.2d 121.

■ Third, Appellant Blackburn's belated registration and payment of the gambling tax on March 31, 1964, was ineffectual to erase the charged, and proved, violations occurring between March 1 and March 24, 1964. Under 26 U.S.C.A. § 4901, registration for and payment of the gambling tax is a "condition precedent to carrying on" the business of accepting wagers. The tax imposed "must be paid before engaging in the business of wagering." Lewis v. United States, 1955, 348 U.S. 419, 422, 75 S.Ct. 415, 417, 99 L.Ed. 475, 479; Marderosian v. United States, 1 Cir., 1964, 337 F.2d 759, 760, cert. denied, 1965, 380 U.S. 971, 85 S.Ct. 1328, 14 L.Ed.2d 268. Consequently, no help comes from Farmer v. United States, 10 Cir., 1942, 128 F.2d 970.

■ Fourth, this record was quite sufficient for the jury to have concluded beyond a reasonable doubt that Appellants knew of the obligation to register for and pay the gambling tax and willfully failed to do so. Edwards v. United States, 5 Cir., 1964, 334 F.2d 360 (en banc), cert. denied, 1965, 379 U.S. 1000, 85 S.Ct. 721, 13 L.Ed.2d 702; Ingram v. United States, 1959, 360 U.S. 672, 79 S.Ct. 1314, 3 L.Ed.2d 1503.

Affirmed.