**UNITED STATES of America, Appellee,**

v.

**James Dwayne WRAY, Appellant.**

**No. 79–1386.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1979.

Decided Nov. 9, 1979.

John D. Anderson, Padberg, McSweeney, Slater, Merz & Reid, St. Louis, Mo., for appellant.

Gene C. Napier, Asst. U. S. Atty., Kansas City, Mo., argued, for appellee; Ronald S. Reed, Jr., U. S. Atty., and Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., on brief.

Before BRIGHT and HENLEY, Circuit Judges, and REGAN, Senior District Judge.*

REGAN, District Judge.

On October 27, 1978, the defendant, then confined in the lawful custody of the Attorney General at the Federal Correctional Institution at Lompoc, California, pursuant to commitment after a felony conviction (26 U.S.C. § 5681(d)), was released with direction to travel by bus and to report on October 30, 1978 to the Community Treatment Center in Kansas City, Missouri, a facility designated by the Attorney General. The defendant, however, failed to report as directed to the treatment center, and was never physically present within the Western District of Missouri between October 27 and October 30, 1978. He was subsequently arrested on or about December 15, 1978 in Moorcroft, Wyoming.

Three weeks after the defendant's arrest, he was indicted in the Western District of Missouri for having wilfully failed to remain within the extended limits of his confinement and to return within the prescribed time to the treatment center in Kansas City in violation of 18 U.S.C. §§ 751(a) and 4082(d). Defendant entered a plea of not guilty to each of these counts. Thereafter it was agreed by the parties that the controversy would be submitted to the trial court upon a stipulation as to all facts in the case. The defendant executed a waiver of his right to a jury trial, and on April 6, 1979, appeared with counsel before Judge Clark to secure the Court's approval of the submission of the case on stipulation. At this hearing Judge Clark satisfied him-

* The Honorable John K. Regan, United States Senior District Judge for the Eastern District of Missouri, sitting by designation.

self that the defendant understood the legal consequences of his submission of the case to the court and of his waiver of a jury trial.

Based on the application of the law to the agreed statement of facts, the defendant was adjudged guilty as charged of violating 18 U.S.C. §§ 751(a) and 4082(d), and was committed to the custody of the Attorney General for two years to be served consecutive to his earlier Federal sentence. On appeal from the present conviction, two questions are presented: (1) Whether the District Court had authority to find the defendant guilty based entirely upon a stipulation of facts and (2) whether the District Court correctly determined that venue was properly laid in the Western District of Missouri.

The defendant's first contention is that the District Court committed error by allowing the controversy to be submitted entirely on stipulated facts. He does not allege that he was prejudiced in any way by this procedure. Nor does he allege that he did not understand what he was doing when he waived a formal trial, not just a jury trial. He simply asserts that the practice of deciding a criminal matter solely on the stipulations of the parties is against the public interest and violates the rules of court in that it permits a criminal defendant to be sentenced to imprisonment essentially without a trial and without the defendant pleading guilty or nolo contendere.

Specifically the defendant contends that the public interest would be better served if an accused, after pleading not guilty, always received a formal trial. He believes that having the District Judge, in lieu of a trial, enter a judgment based on stipulated facts is inadequate. An accused, he asserts, should only be denied a trial when he has pleaded guilty or nolo contendere. Since, in the case at hand, the defendant entered a plea of not guilty but did not receive a formal trial, he believes therefore that his District Court conviction should be reversed.

■■■■ We are not persuaded by this argument.[1] The defendant is attempting to equate his case, in which he entered a plea of not guilty but was convicted and sentenced based on the judge's application of the law to the stipulated facts, to a situation where an accused is sentenced following a plea of guilty or nolo contendere. These are simply not comparable situations. When a plea of guilty or nolo contendere is accepted by the Court, a defendant waives his right to a decision on the merits, whether it be by judge or jury, and foregoes the opportunity to assert any other defense he may have (other than a defense based on lack of jurisdiction). However, when the case is submitted on an agreed statement of facts, the judge does make a decision on the merits, and the defendant may raise any defenses[2] by way of stipulation.

■■■■ The submission on stipulation is the equivalent of a formal bench adjudication. In both instances the District Judge applies the applicable law to determine whether the facts before him constitute a criminal offense. The submission on stipulation is a practical and expeditious procedure which is employed in lieu of a formal bench trial when the essential facts in a case are uncontested. We are absolutely convinced of the absence of any impropriety in its use.

The defendant's second contention is that the trial court erred in finding venue to be proper in the Western District of Missouri. The trial court ruled that venue was properly laid in the Western District because the criminal act for which the defendant was charged was his failure to report to the treatment center within that district on October 30, 1978. Defendant asserts though that since he was never in the Western District between October 27 and October 30, 1978, the trial court lacked territorial jurisdiction over his prosecution. According to

---

1. It should be noted that the defendant cited no recent authorities supporting this contention. His latest case is a 1907 Philippines decision, which is less than persuasive in its reasoning. *United States v. Probe*, 11 Philippines 51.

2. In fact, this defendant inserted into the agreed statement of facts an exculpatory explanation of his failure to report to the treatment center in Kansas City, Missouri.

defendant, he instead should be tried only at the location where he was physically present on the date he was supposed to be in Kansas City.

Rule 18 of the Federal Rules of Criminal Procedure governs the place of prosecution and trial of criminal cases. This rule provides that, "[e]xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed." We must determine, therefore, whether the trial court was correct in concluding that the crime with which the defendant was charged was committed within the Western District of Missouri.

A majority of criminal statutes proscribe only *affirmative* conduct—the doing of a particular act. Under such a statute, the district in which the criminal act was actually performed by the defendant is ordinarily the district in which the offense was committed. Venue therefore would be proper in any district where such affirmative conduct occurred. *U. S. v. Arteaga-Limones,* 529 F.2d 1183, *cert. denied,* 429 U.S. 920, 97 S.Ct. 315, 50 L.Ed.2d 286 (1976); *U. S. v. Bachert,* 449 F.Supp. 508 (E.D.Pa. 1978). A few statutes, however, provide criminal penalties, not for affirmative conduct, but rather *for the failure to do a particular act.* In such an instance, proper venue, the place where the offense was committed, is the district in which the required act should have been done. *Johnston v. U. S.,* 351 U.S. 215, 76 S.Ct. 739, 100 L.Ed. 1097 (1956); *De Cesare v. U. S.,* 356 F.2d 107 (5th Cir. 1966); *Evans v. U. S.,* 349 F.2d 653 (5th Cir. 1965).

In the case at hand, the operative statute which the defendant is charged with violating, 18 U.S.C. § 4082(d), specifically states:

"The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General punishable as provided in Chapter 35 of this title [18 USCS §§ 751 et seq.]"

The defendant asserts that this statute *only* creates an offense based on an affirmative act (escape), not one based on a failure to act. He concludes that since the statute does not punish one's not acting, venue is improper in the Western District of Missouri because the offense in question was not committed therein. We do not agree. Section 4082(d) punishes both affirmative conduct and, alternatively, the failure to act. A defendant could be charged with violating this statute if he either left the extended limits of his confinement *or* failed to return within the time prescribed to the facility designated by the Attorney General. Thus under this statute, the offense in the case at bar was committed, and the defendant therefore could have been tried, in any district in which he was found after he left the extended limits of his confinement *or* in the district where he failed to "return" or report. Since the defendant did not report as directed to the treatment center in the Western District of Missouri on October 30, 1978, his failure to act occurred there. Therefore, venue was properly laid in that district.

It follows from the foregoing that the judgment of the District Court is AFFIRMED.