**Joseph ZERILLI, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 83–1089.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 13, 1983.

Decided May 18, 1983.

Robert G. Ulrich, U.S. Atty., Linda L. Parker, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Raymond C. Conrad, Jr., Federal Public Defender Western Dist. of Mo., Philip M. Moomaw, Asst. Federal Public Defender, Springfield, Mo., for appellant.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HENLEY, Senior Circuit Judge.

Appellant Joseph Zerilli filed a motion pursuant to 28 U.S.C. § 2255 alleging that his conviction for failure to appear in violation of 18 U.S.C. § 3150 was invalid. Zerilli claimed that venue was improper in the Western District of Missouri where he was convicted. The district court[1] denied Zerilli's petition. We affirm.

Zerilli was convicted of possession of stolen mail in the District Court for the District of Arizona on January 14, 1980. He was sentenced to three years, and ordered to surrender on January 28 at the office of the United States Marshal in Springfield, Missouri. Zerilli did not surrender as ordered. On January 29, 1980 a warrant for his arrest was issued in Arizona. Zerilli was arrested on July 22, 1981 in Texas and brought to Springfield. He was indicted for willful failure to appear before a judicial officer in violation of 18 U.S.C. § 3150.[2] He was represented by counsel and entered

---

1. The Honorable William R. Collinson, United States Senior District Judge, Western District of Missouri.

2. 18 U.S.C. § 3150 provides:
   Whoever, having been released pursuant to this chapter, willfully fails to appear before

a plea of guilty. The district court sentenced him to a term of two years, to be served consecutively to his previous three-year sentence.

A year later Zerilli filed a motion pursuant to 28 U.S.C. § 2255 alleging that venue was improper in the Western District of Missouri, and that he could only be tried for failure to appear in Arizona. As the district court noted,

> Zerilli does raise a valid question concerning the proper venue for this action. A defendant has a constitutional right to be tried in the state and district where the crime was committed. U.S. Const. Art. III, § 2, cl. 3; U.S. Const. Amend. VI. Rule 18 of the Federal Rules of Criminal Procedure also provides that 'prosecution shall be had in a district in which the offense was committed.'

*Zerilli v. United States,* No. 82–3247–CV–S–2 (W.D.Mo. Dec. 15, 1982).

Section 3150 does not have a specific venue provision. Since Congress has not been specific, venue "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *Travis v. United States,* 364 U.S. 631, 635, 81 S.Ct. 358, 361, 5 L.Ed.2d 340 (1961).

In *United States v. Roche,* 611 F.2d 1180 (6th Cir.1980), the defendant was convicted in Kentucky and ordered to appear at the United States Marshal's office in Michigan. On his failure to appear, he was indicted in Kentucky under § 3150. The Sixth Circuit found that this was proper, since § 3150 was designed to strengthen the releasing court's authority; bail jumping is "an affront to the power and dignity of the court

which admitted him to bail." *Id.* at 1183. However, the Sixth Circuit expressly rendered no opinion as to whether venue would also lie in Michigan. *Id.* at 1183 n. 4.

On this point, *United States v. Wray,* 608 F.2d 722 (8th Cir.1979), *cert. denied,* 444 U.S. 1048, 100 S.Ct. 739, 62 L.Ed.2d 735 (1980), is helpful. In *Wray,* the defendant was released from custody in California and ordered to report to a facility in Missouri. He was subsequently arrested in Wyoming and indicted and convicted in the Western District of Missouri for violation of 18 U.S.C. § 4082(d), which proscribes willful failure to return to custody within the given time limits.[3] On appeal, the defendant argued that venue lay where the defendant was physically present on the days he should have been in Missouri. This court rejected that argument.

> A majority of criminal statutes proscribe only *affirmative* conduct—the doing of a particular act. Under such a statute, the district in which the criminal act was actually performed by the defendant is ordinarily the district in which the offense was committed. Venue therefore would be proper in any district where such affirmative conduct occurred. [Citations omitted.] A few statutes, however, provide criminal penalties, not for affirmative conduct, but rather *for the failure to do a particular act.* In such an instance, proper venue, the place where the offense was committed, is the district in which the required act should have been done. [Citations omitted.]

*Id.* at 725 (emphasis in original).

Section 3150 also proscribes a failure to act—the failure to appear before a court or

---

any court or judicial officer as required, shall, subject to the provisions of the Federal Rules of Criminal Procedure, incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both, or (2) if he was released in connection with a charge of misdemeanor, be fined not more than the maximum provided for such misdemeanor or imprisoned for not more than one

year, or both, or (3) if he was released for appearance as a material witness, shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

**3.** 18 U.S.C. § 4082(d) provides:

The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General punishable as provided in chapter 35 of this title.

judicial officer as ordered.[4]  In this case, the act of appearance should have occurred in the Western District of Missouri.  Thus venue was proper in that district.[5]

The judgment of the district court is affirmed.

---

**4.** Zerilli claims in his brief on appeal that he never received notice of the order to appear at the United States Marshal's office in Springfield.  However, neither his pro se complaint nor the documents filed with the district court by his attorney mention this alleged lack of notice.  We normally do not consider issues raised for the first time on appeal, and see no reason to do so here.  *Singleton v. Wulff,* 428

U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Morrow v. Greyhound Lines, Inc.,* 541 F.2d 713 (8th Cir.1976).

**5.** We express no opinion on whether venue would also have been proper in Arizona.  *United States v. Roche,* 611 F.2d 1180 (6th Cir. 1980).