**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Estel WILLIAMS, Defendant-Appellant.**

**No. 85–5891.**

United States Court of Appeals, Sixth Circuit.

Submitted March 6, 1986.

Decided April 23, 1986.

Louis DeFalaise, U.S. Atty., Lexington, Ky., James E. Arehart, for plaintiff-appellee.

David R. Steele, Independence, Ky. (Court-appointed), for defendant-appellant.

Before: MILBURN and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.

MILBURN, Circuit Judge.

Defendant appeals his conviction under 18 U.S.C. § 3150(1) for willfully failing to appear after having been released on bond. On appeal defendant argues that venue did not lie in the United States District Court for the Eastern District of Kentucky where he was ordered to appear but in the Southern District of Indiana where the order to appear was issued. Because we hold that venue under 18 U.S.C. § 3150 is proper both in the district issuing the order to appear and in the district where defendant was ordered to appear, we affirm.

## I.

On September 14, 1983, defendant was indicted for firearms violations by a federal grand jury sitting in the Eastern District of Kentucky. Defendant was eventually arrested in Indianapolis, Indiana, on July 24, 1984. Thereafter, defendant was taken before a United States Magistrate in the Southern District of Indiana. The magistrate released defendant on a $25,000 O/R bond and ordered him to appear on August 3, 1984, before the United States District Court in the Eastern District of Kentucky for arraignment on the firearms charges. Defendant, however, failed to appear in the Eastern District of Kentucky as ordered.

On December 12, 1984, while defendant was still at large, a federal grand jury sitting in the Eastern District of Kentucky returned an indictment against defendant for willful failure to appear before the district court in violation of 18 U.S.C. § 3150.[1] Thereafter, on July 23, 1985, defendant was apprehended in Louisville, Kentucky. At a pretrial conference on August 16, 1985, defendant moved that the failure to appear indictment be dismissed for lack of venue. The district court denied the motion, and, on September 3, 1985, defendant entered guilty pleas on one count of the firearms indictment and the failure to appear charge. However, defendant's guilty plea on the failure to appear charge was made under Rule 11(a)(2) of the Federal Rules of Criminal Procedure, reserving the venue issue for appeal.

## II.

Faced with facts similar to the instant case, this Circuit and the Eleventh Circuit have held that venue properly lies in the district releasing the defendant on bail. *United States v. Roche,* 611 F.2d 1180, 1182–84 (6th Cir.1980); *United States v. Martin,* 704 F.2d 515, 518 (11th Cir.1983). The rationale for these holdings is that the failure to appear "constitutes an affront to the power and dignity of the court which admitted [the defendant] to bail." *Roche,* 611 F.2d at 1183; *see also Martin,* 704 F.2d at 517.

On the other hand, the Eighth Circuit has held that venue is proper in the district where the defendant was to appear. *Zerilli v. United States,* 706 F.2d 877 (8th Cir.), *cert. denied,* 464 U.S. 861, 104 S.Ct. 189, 78 L.Ed.2d 167 (1983). The rationale for this holding is that since section 3150 proscribes the failure to act, the offense of bail jumping is committed in the district where the defendant failed to appear. *Zerilli,* 706 F.2d at 878–79.

Having held in *Roche* that venue is proper in the district releasing a defendant, the question now presented to this court is whether venue may also be proper in the district where the act was to be performed. The question of whether venue may be proper both in the district where defendant was released and in the district where the act was to be performed *has expressly been left open by this Circuit* and by every other circuit addressing venue under section 3150. *Zerilli,* 706 F.2d at 879 n. 5 (Eighth Circuit); *Martin,* 704 F.2d at 518 n. 6 (Eleventh Circuit); *Roche,* 611 F.2d at 1183 n. 4 (Sixth Circuit); *see also* 2 C. Wright, *Federal Practice and Procedure* § 302 (2d ed. Supp.1985) (citing the above cases and noting that it is not clear that only one venue is proper).

The right to be tried in the state and district where the offense was committed is

---

**1.** 18 U.S.C. § 3150 has been amended and is now codified at 18 U.S.C. § 3146.

found in Article III, Section 2, and in the Sixth Amendment to the United States Constitution. "These constitutional provisions are implemented by Rule 18 of the Federal Rules of Criminal Procedure." *United States v. O'Donnell*, 510 F.2d 1190, 1192 (6th Cir.), *cert. denied*, 421 U.S. 1001, 95 S.Ct. 2400, 44 L.Ed.2d 668 (1975). Rule 18 provides:

> Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed. The court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice.

One commentator has provided the following discussion of the "crime committed" venue formula of Rule 18:

> In a large number of federal prosecutions, [the "crime committed" venue formula set out in Rule 18] provides a ready answer to the question of where venue can be laid. Where all participants in a federal crime engage in their criminal conduct in only one federal district and all the acts or omissions connected with the offense occur and take effect only in that same district, it necessarily is one wherein the crime was committed. Where, however, the participants engage in conduct relating to the offense, or acts or omissions occur or take effect in more than one district, ascertaining where venue can be laid within the meaning of the "crime committed" requirement may become more difficult.

Abrams, *Conspiracy and Multi-Venue in Federal Criminal Prosecutions: The Crime Committed Formula*, 9 UCLA L.Rev. 751, 752 (1962).

In *United States v. Reed*, 773 F.2d 477 (2d Cir.1985), the court addressed this problem in the context of statutes, such as bail jumping, which contain no venue provision.[2] The court began by pointing out that "where the acts constituting the crime and the nature of the crime charged implicate more than one location, the constitution does not command a single exclusive venue." 773 F.2d at 480; *cf. O'Donnell*, 510 F.2d at 1193 ("[c]onceding but not deciding" that venue could lie in two districts). After discussing Supreme Court venue cases, the *Reed* court concluded:

> a review of relevant authorities demonstrates that there is no single defined policy or mechanical test to determine constitutional venue. Rather, the test is best described as a substantial contacts rule that takes into account a number of factors—the site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate fact finding....

773 F.2d at 481.

We now adopt the substantial contacts test as well as the rationale and framework of analysis articulated by the *Reed* court.[3] Applying the substantial contacts test to prosecutions under 18 U.S.C. § 3150, we hold that there are substantial contacts both in the district releasing a defendant and in the district in which he is ordered to appear.

The first factor—the site of the defendant's acts—is applicable when certain affirmative acts trigger criminal liability. Thus, for example, the act of assaulting a witness could trigger criminal liability for obstruction of justice under 18 U.S.C. § 1503. In such a case, the affirmative acts could, under the substantial contacts test, establish venue in the district where the acts were committed. *Cf. O'Donnell*, 510 F.2d at 1193–94 (holding venue proper in district where proceedings pending, but

**2.** The crimes being addressed by the *Reed* court were perjury, 18 U.S.C. § 1623, and obstruction of justice, 18 U.S.C. § 1503.

**3.** The substantial contacts test is adopted to aid in the determination of where venue lies when Congress has not prescribed venue for the offense. We, of course, do not alter the principle

that "Congress may provide that venue for the crimes it creates will lie in any district having some minimal contacts with the offense." Note, *Criminal Venue in the Federal Courts: The Obstruction of Justice Puzzle*, 82 Mich.L.Rev. 90, 95 (1983).

recognizing the possibility that, consistent with the holding, venue was proper in the district where the acts occurred). However, since section 3150 proscribes the failure to act, "the site of defendant's acts" does little to establish the requisite substantial contacts in either district.

The second factor has two considerations. First, we look to the elements of the crime. In interpreting the elements of a crime in order to determine where the crime was committed and thus where venue lies, courts have often examined the key verbs of statutes defining criminal offenses. *See, e.g., United States v. Tedesco*, 635 F.2d 902, 905 (1st Cir.1980), *cert. denied*, 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 974 (1981). As the Eighth Circuit noted in *Zerilli*, "[s]ection 3150 ... proscribes a failure to act—the failure to appear before a court or judicial officer as ordered." 706 F.2d at 878–79 (footnote omitted). Based on this analysis, courts and commentators have concluded that where "the statute makes it a crime to fail to do some act required by law, the failure takes place in, and the proper venue is, the district in which the act should have been done." 2 C. Wright, *Federal Practice and Procedure* § 302, at 198; *see also O'Donnell*, 510 F.2d at 1193 (noting that "where a statute makes failure to do a certain act a crime, the place where the act was to have been performed has been found to be the place where venue lies.") (citing *United States v. Johnston*, 227 F.2d 745 (3d Cir.), *aff'd*, 351 U.S. 215, 76 S.Ct. 739, 100 L.Ed.2d 1097 (1956)).

Although consideration of the elements of 18 U.S.C. § 3150 establishes venue in the district where a defendant is ordered to appear, as *Roche* demonstrates, substantial contacts, and thus venue, can be found in the district releasing a defendant by considering the remaining factors. In this connection, we turn to the next consideration of the second factor: the nature of the crime. In *Roche* we relied heavily on the nature of the crime in holding venue was proper in the court releasing the defendant. For example, we noted that:

In our view when a bailed defendant willfully disobeys a court order requiring him to report for commencement of his prison term, the nature of that failure constitutes an affront to the power and dignity of the court which admitted him to bail and a most flagrant breach of the conditions of his lawful release.

611 F.2d at 1183. Under the substantial contacts test, this suggests, as we held in *Roche*, that venue lies in the district releasing a defendant.

The third factor—the locus of the effect of the criminal conduct—also demonstrates that substantial contacts are likely in both districts. As we noted in *Roche*, the "primary effect [of bail jumping] is upon the proper administration of justice in the court which admits one to bail and is akin to a 'constructive contempt of court.'" *Roche*, 611 F.2d at 1183 (quoting *O'Donnell*, 510 F.2d at 1195). Although the primary effect may be in the district which admits one to bail, the effect in the district where a defendant is ordered to appear cannot be underestimated. By failing to appear a delay in trial is necessitated, and society's legitimate interest in bringing a suspected criminal to trial is frustrated. *Cf. United States v. Abernathy*, 757 F.2d 1012, 1015 (9th Cir.) (venue issue raised in a forfeiture case under section 3150 and Rule 46(e)(1) of the Federal Rules of Criminal Procedure: the court recognized that "failure to obey the [court] order was an affront to that court," but also recognized the need for the court in which the order was to be performed "to have some control over those directed to report there"), *cert. denied*, —— U.S. ——, 106 S.Ct. 156, 88 L.Ed.2d 129 (1985). In fact, recent legislative history to the bail jumping statute reiterates the concern that by jumping bail, "many defendants could hide for periods long enough for the government's case, especially for major offenses, to grow weaker because of the unavailability of witnesses, memory lapses, and the like, and thereby defeat the government's prosecutive efforts." S.Rep. No. 225, 98th Cong., 2d Sess. 30, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3213. These detrimental effects are, of

course, most strongly felt in the district in which defendant is ordered to appear.

The final factor in the substantial contacts test is the suitability of each district for accurate fact-finding. It is important to point out that "[d]etermining the proper venue under particular statutes is done, not by examining the evidence in each individual case, but by scrutinizing the definition of the crime and the likely location of evidence of such crimes generally." *Reed,* 773 F.2d at 482. Similarly, we think it is important to consider potential defenses to a given crime and the location of evidence necessary to establish or support such a defense.[4]

Application of these considerations once again leads us to the conclusion that venue under 18 U.S.C. § 3150 is proper in both the Eastern District of Kentucky and the Southern District of Indiana. A defendant, for example, might raise his failure to receive the order to appear as a defense. *Zerilli,* 706 F.2d at 879 n. 4. This would suggest that the district in which the order was issued (here the Southern District of Indiana) would be best suited for accurate fact-finding. On the other hand, a trial in the district where a defendant was ordered to appear (here the Eastern District of Kentucky) would be best suited for determining whether the order was complied with and, if not, the willfulness of the failure. In this connection we note that, as revised, the failure to appear statute expressly provides:

> It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard of the requirement that he appear or surrender, and that he appeared or surrendered as soon as such circumstances ceased to exist.

18 U.S.C. § 3146(c). Similar defenses have been raised in section 3150 prosecutions. *See, e.g., United States v. Atencio,* 586

F.2d 744 (9th Cir.1978) (duress). Although these "uncontrollable circumstances" can arise in any district, it seems most likely that they will arise in the district where performance was required. For example, the legislative history indicates that the "uncontrollable circumstances" defense would apply if a defendant could show that "after he had made careful plans for transportation to the court house, his vehicle [broke] down or unexpected weather conditions [brought] traffic to a halt." S.Rep. No. 225, 98th Cong., 2d Sess. 32, 1984 U.S.Code Cong. & Ad.News 3182, 3215.

### III.

In summary, we hold that venue under 18 U.S.C. § 3150 is proper both in the district issuing the order to appear and in the district where a defendant is ordered to appear. Accordingly, the judgment of the district court is AFFIRMED.

---

**4.** "Changes of venue because of factors peculiar to a particular case may occur pursuant to a

motion under Rule 21 [of the Federal Rules of Criminal Procedure]." *Reed,* 773 F.2d at 482.