956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Respondent-Appellee,
v.
Robert Samuel CHAPPELL, Petitioner-Appellant.
 No. 90-3673.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1992.*
Decided March 4, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Robert Samuel Chappell was convicted by a jury of willful failure to appear in violation of 18 U.S.C. § 3150, or in common parlance, bail jumping. He was sentenced to 44 months imprisonment. Chappell appeals the district court's denial of his petition for writ of habeas corpus, 28 U.S.C. § 2255. We affirm.[1]
 
 BACKGROUND
 
 2
 Chappell was convicted of mail fraud in the Southern District of Indiana on November 19, 1981. After his arrest, his bond had been set by a magistrate in the Central District of California and his initial appearance was in the Southern District of Indiana. After his conviction, his bond was continued by Magistrate Endsley of the Southern District of Indiana, and he was permitted to remain on bond pending appeal.
 
 
 3
 His conviction was affirmed by this court on January 14, 1983. United States v. Chappell, 698 F.2d 308 (7th Cir.), cert. denied, 461 U.S. 931 (1983). When the day arrived for his agreed-upon surrender to the United States Marshal in Los Angeles, Chappell had a change of heart and apparently decided he'd rather be in the Bahamas, so he jumped bail and headed south. His bond was ordered forfeited by the Southern District of Indiana and judgment was entered against the surety. After spending most of the next four years basking in the glow of the sunny Bahamas, Chappell's luck ran out, and he was arrested by U.S. Marshals in Florida on December 9, 1986.
 
 
 4
 After being tried and convicted for willful failure to appear and sentenced to a term of 44 months imprisonment, Chappell filed a direct appeal. This court found no error and affirmed the conviction. United States v. Chappell, 854 F.2d 190 (7th Cir.1988). He then moved for relief pursuant to 28 U.S.C. § 2255 which was denied by the district court.
 
 ANALYSIS
 
 5
 Much of Chappell's brief is devoted to portraying himself as some sort of modern day Patrick Henry, waging a battle against tyranny at the same time that he was breaking the law, evading the authorities and working on his tan in the Bahamas. Chappell is no patriot and no hero; he has repeatedly demonstrated contempt for the laws of the United States. After being convicted of mail fraud, he was given the privilege to remain free on bond pending appeal, but when the day of reckoning came, he fled.
 
 
 6
 Like his district court brief, Chappell's brief in this court borders on the incomprehensible. We dispose of his arguments in short order.
 
 I. Venue
 
 7
 Chappell argues that the Southern District of Indiana was not the proper venue to hear his case because no acts of the offense occurred in Indiana. He contends that all of the acts occurred in California, and therefore California was the proper venue. We rejected this argument on direct appeal, see U.S. v. Chappell, 854 F.2d 190, 194 (1988), and we reject it again for the same reasons stated in that opinion.
 
 
 8
 We reiterate that under 18 U.S.C. § 3150 venue is proper in the district where the release was ordered as well as the district in which a defendant was required, but failed, to appear. Chappell was permitted to remain at liberty on his initial bond on the order of the magistrate and court in the Southern District of Indiana. Chappell's failure to appear flaunted the federal judicial system and was equally an affront to the Southern District of Indiana as to the Central District of California. United States v. Williams, 788 F.2d 1213, 1214 (6th Cir.1986). Therefore, venue was proper in the Southern District of Indiana.
 
 II. Jurisdiction
 
 9
 Chappell challenges the district court's jurisdiction over this matter and over his person. As an initial matter, we note that the district court erred in holding that Chappell waived his subject matter jurisdiction argument. Subject matter jurisdiction can never be waived. United States v. Stillwell, 900 F.2d 1104 (7th Cir.1990), cert. denied, 111 S.Ct. 111, 112 L.Ed.2d 81 (1991). Chappell's argument nonetheless fails.
 
 
 10
 The crux of his subject matter jurisdiction argument is identical to his venue argument--that the court did not have jurisdiction because the offense was committed in California. Jurisdiction and venue are separate and distinct inquiries. "Jurisdiction" refers to the inherent power of a court to decide a case. "Venue" designates the particular court among those with jurisdiction which may hear and determine a case. Black's Law Dictionary 853, 1557 (6th Ed.1991). Jurisdiction in this case is determined by 18 U.S.C. § 3231 which provides that "the District Courts of the United States shall have original jurisdiction exclusive of the courts of the States, of all offenses against the laws of the United States." Therefore, the Southern District of Indiana could properly exercise jurisdiction over this matter.
 
 
 11
 Chappell also argues that the Supreme Court had original jurisdiction over this matter, contending that ambassadors and ministers were involved in the events underlying this action, thus bringing it under Article III, Section 2 of the Constitution. From what we can glean from his brief, Chappell believes that he was the victim of a conspiracy at the hands of a multitude of unnamed ambassadors and ministers, and that he was fleeing this "tyranney (sic)" when he jumped bail. Throughout this proceeding, he has failed to present a shred of evidence to back up this fantastical claim and we reject it.
 
 
 12
 Chappell also challenges the jurisdiction over his person. Unlike subject matter jurisdiction, personal jurisdiction can be waived at any time by express submission, conduct or failure to assert the defense. Insurance Corp. of Ireland v. Compagne Des Bauxites, 456 U.S. 694, 704, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1981). Although Chappell unsuccessfully challenged the court's jurisdiction over him at trial, he did not raise the issue on appeal. Therefore he is barred from raising it now.
 
 
 13
 Even if Chappell were not barred from challenging personal jurisdiction, it is clear that the trial court had jurisdiction over his person. He claims that he was illegally arrested in the Bahamas and that his arrest was essentially a kidnapping. According to Chappell, officials violated his Fourth, Fifth, Sixth and Ninth Amendment rights, thus depriving the court of jurisdiction over him. Not only is it clear from the record that Chappell was arrested in Florida pursuant to a valid warrant, but a defendant cannot challenge the court's jurisdiction over his person on grounds that his arrest was unlawfully secured. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).
 
 
 14
 We note that despite Chappell's continued insistence that he was "kidnapped" by unnamed individuals, he has never presented any evidence to support his claim or brought charges against anyone in connection with his arrest.
 
 
 15
 III. Denial of a Fair Trial and Denial of Legal Materials
 
 
 16
 Chappell claims that he was denied a fair trial and that he was denied access to legal materials. In dismissing these claims, the district court held that Chappell had procedurally defaulted because he failed to assert such claims at trial court or on direct appeal, and that he had failed to show cause for his failure to object and prejudice arising therefrom.
 
 
 17
 It is well-established that a defendant challenging his sentence under § 2255 based on trial errors to which no objection was made at trial must show both "cause" excusing the procedural default and prejudice resulting from the errors. United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1981). Rather than attempt to demonstrate that he has satisfied this requirement, Chappell argues that the cause and prejudice standard is contrary to the intent of Congress and therefore should be abandoned. This argument is untenable and unsupportable. Because Chappell has failed to show cause and prejudice for his double procedural default, he has waived these claims.
 
 
 18
 Chappell also throws in an Eighth Amendment claim. Not only has he failed to provide any factual basis to support this claim, but he fails to even hint at how this alleged violation deprived him of a fair trial. We will not consider this argument because his brief is inadequate under F.R.A.P. 28. See United States v. Papia, 910 F.2d 1357, 1263 (7th Cir.1990).
 
 II. Ineffective Assistance of Counsel
 
 19
 To the extent that Chappell continues to claim that his Sixth Amendment right to counsel was violated because of ineffective performance of appellate counsel, we affirm for the reasons of the district court, pp. 9-10, with the following additional comments. In his appellate brief, Chappell claims that he was prejudiced because his appellate counsel did not raise the issues of venue, jurisdiction, or kidnapping. Counsel in fact raised the issue of venue on appeal. Chappell v. United States, 854 F.2d 190 (7th Cir.1988). Chappell could not have been prejudiced by any failure to raise the issue of subject matter jurisdiction, because he was not barred from raising it in this proceeding. As to his personal jurisdiction and kidnapping claims, these are without merit in light of our decision today.
 
 CONCLUSION
 
 20
 For the foregoing reasons, the judgment of the district court is
 
 
 21
 AFFIRMED.
 
 ATTACHMENT
 
 22
 if anything, was not in the record. The various documents barred by the Order in Limine are of record. There is no factual basis to support defendant's bald allegations.
 
 
 23
 Defendant also appears to attack the competence of his appellate counsel. His counsel is an experienced attorney both on the trial and appellate levels. The Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984) established a two-part test for determining whether an attorney's assistance was so ineffective as to deprive a defendant of his sixth amendment right to counsel:
 
 
 24
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 25
 Id. The appropriate inquiry in a situation such as this, where the asserted ineffectiveness is based on the failure of appellate counsel to raise particular issues, was discussed in Gray v. Greer, 800 F.2d 644, 646 (7th Cir.1986):
 
 
 26
 Had appellate counsel failed to raise a significant and obvious issue, the failure could be viewed as deficient performance. If an issue which was not raised may have resulted in a reversal of the conviction, or an order for a new trial, the failure was prejudicial. Were it legitimate to dismiss a claim of ineffective assistance of counsel on appeal solely because we found it improper to review appellate counsel's choice of issues, the right to effective assistance of counsel on appeal would be worthless. When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.
 
 
 27
 Id. In defendant's direct appeal, the appellate counsel raised essentially those same issues that defendant has brought forward here: (1) Did the Court err in denying appellant's [defendant's] Motion to Dismiss for proper venue?; (2) Did the Court err in not giving a limiting instruction to the jury regarding the prejudicial material within certain of the admitted exhibits?; (3) Did the Court err in not granting appellant's Motion to Dismiss the indictment for unreasonable delay pursuant to Rule 48(B)?; and (4) Did the Court err in preventing appellant from commenting upon the evidence hearing in Instruction 7A regarding the affirmative defense. See generally, Chappell, 854 F.2d 190. No significant or obvious issues for appeal existed in defendant's trial. The appellate counsel raised the strongest issues on appeal. Defendant essentially raises these same issues in this collateral attack; however, he offers no new information which would make these issues viable. Further, defendant has not shown that but for counsel's alleged errors, the result of the proceedings would have been different. Strickland, 466 U.S. 668. Therefore, defendant's claims are without merit.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Chappell's Motion for Ruling on Appeal is denied as moot