UNITED STATES Of America,

v.

David SOLAN.

No. 92–106–CR–T–17(A).

United States District Court,
M.D. Florida,
Tampa Division.

May 29, 1992.

Julie Tingwall, Asst. U.S. Atty., for U.S.

Matthew H. Perry, Asst. Federal Public Defender, for David Solan.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause comes before the Court on the defendant's motion to dismiss for lack of venue filed on April 27, 1992, and the government's opposition thereto, filed on May 7, 1992. The defendant argues that the Sixth Amendment to the United States Constitution provides that the defendant has a right to be tried in the district where the crime was committed, and that this crime is alleged to have been completely committed in Norwalk, Connecticut. The government counters citing Title 18, U.S.C. § 3237, which defines any offense involving interstate transportation as a continuing offense that may be prosecuted in any district through which the alleged interstate contraband moves.

## CASE HISTORY

The defendant, David Solan is under indictment for the unlawful delivery of a package containing firearms and ammunition to a contract·carrier for interstate delivery in violation of Title 18, U.S.C. § 922(e).

The alleged facts of the case that affect the issue of venue are as follows: David Solan delivered a package to a contract carrier, namely United Parcel Service ("UPS"), in Norwalk, Connecticut, on or about March 23, 1992. The package contained both firearms and ammunition, and the defendant failed to notify UPS of the contents. The package was addressed to Philip Marigold, the defendant's alias, in Lakeland, Florida. The package was subsequently transported by UPS from Connecticut to Florida as instructed by Solan.

## VENUE

In a federal criminal prosecution, venue lies in the district where the crime was committed. Rule 18, Fed.R.Crim.P. Although the Sixth Amendment to the United States Constitution guarantees that a criminal defendant will be tried in the district where the crime is alleged to have been committed, this constitutional guarantee is qualified by United States Circuit Court decisions. *See, e.g., United States v. Reed,* 773 F.2d 477, 480 (2d Cir.1985); *United States v. McGregor,* 503 F.2d 1167, (8th Cir.1974), *cert. denied* 420 U.S. 926, 95 S.Ct. 1122, 43 L.Ed.2d 395 (1975); *United States v. McCulley,* 673 F.2d 346, *cert. denied,* 459 U.S. 852, 103 S.Ct. 116, 74 L.Ed.2d 102 (1982). "[W]here the acts constituting the crime and the nature of the crime charged implicate more than one location, the Constitution does not command a single exclusive venue." *United States v. Reed,* 773 F.2d 477, 480 (2d Cir.1985).

### *18 U.S.C. Section 3237*

■ In the present case, the defense is correct in that all of the elements of the crime are alleged to have been committed in Connecticut. The elements of 18 U.S.C. Section 922(e) are (1) the delivery of firearms or ammunition to a contract carrier (2) that the delivery was made for the purpose of transporting the package in interstate or foreign commerce, (3) knowledge of the delivery to the contract carrier, and (4) lack of written notice to the carrier that such firearm or ammunition is being transported. As the defense states in the memorandum in support of the motion to dismiss, the actual interstate transportation by the contract carrier is not an element of the crime and the defendant could have been indicted even if the interstate transportation by UPS had never taken place.

■ Although all of the elements of the crime are alleged to have taken place in Connecticut, 18 U.S.C. section 3237, paragraph two states that "[a]ny offense involving the ... transportation in interstate ... commerce ... is a continuing offense and ... may be inquired of and prosecuted in any district from, through, or into which such commerce ... moves." Section 3237 applies to any offense involving interstate transportation—regardless of whether the interstate transportation is actually an element of the crime. Thus, the real question to be answered in this case is whether this crime is a crime "involving" transportation in interstate commerce even though such interstate transportation is not explicitly included as an element of the crime under 18 U.S.C. section 922(e).

The word "involving" connotes a less stringent meaning than a requirement that the interstate commerce be an actual element of the crime. Instead, "involving" means to include as a circumstance. There is no question that interstate transportation is included as a circumstance in the commission of the crime of delivery of a package containing firearms to a contract carrier for interstate transportation. Although the actual interstate transportation is not a necessary circumstance to the commission of the crime, it is nevertheless a circumstance. Therefore, this Court holds that the crime of unlawful delivery of a package containing firearms to a contract carrier for the purpose of interstate transportation is a crime that involves transportation in interstate commerce, and that Title 18 U.S.C. § 922(e) is a "continuing offense" for venue purposes under Title 18 U.S.C. § 3237.

## CONTACTS WITH THE DISTRICT

The court in *United States v. Reed,* 773 F.2d 477 (2d Cir.1985), noted a number of factors that should be considered in determining whether venue exists in a given case. Among the factors are (1) the site of the defendant's acts, (2) the elements and the nature of the crime, (3) the locus of the effect of the criminal conduct, and (4) the suitability of each district for accurate fact finding. *Id.* at 481. *See also United States v. Williams,* 788 F.2d 1213 (6th Cir. 1986).

In the present case, the defendant is alleged to have executed many acts in the Middle District of Florida. He is alleged to have rented the mail box in Florida, re-

ceived the package in Florida, and attempted to return the package to Connecticut from Florida. Also, if the defendant were to have committed some other crime using the weapons that he is alleged to have mailed to Florida, one can reasonably infer that he probably would have committed that crime in Florida since that is the location to which he mailed the guns.

In addition, although the crime in question is an inchoate crime, the Middle District of Florida is the location where the effects of the crime would have been felt had the harm that Title 18 U.S.C. § 922(e) seeks to prevent been realized. This crime is an inchoate crime because the commission of the crime does not bring about any harm in-and-of itself. However, if any harm were to come about as a result of the actions involved with this crime, the Middle District of Florida is the district that would be the most likely to realize the harm since the weapon and the live ammunition were allegedly being transported into this state.

Finally, nearly the entire investigation stemmed from the Middle District of Florida, making it the more suitable district for accurate fact finding. The package in question was searched and seized in this district, and much of the other evidence obtained in this case was procured in this district.

Accordingly, it is

ORDERED that defendant's motion to dismiss be denied since venue is established by Title 18, U.S.C. § 3237.

DONE AND ORDERED.