736 F.2d 1230
 Theodore R. SANDERS, Appellant,
v.
Daniel FRISBY, patrolman, Breckenridge Hills Police
Department; Gary Backers, patrolman, Breckenridge
Hills Police Department; and Patricia
Wolfe, parole officer of
Missouri, Appellees.
 No. 83-2698.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 24, 1984.
Decided June 12, 1984.
 
 Dale G. Wills, Greensfelder, Hemker, Wiese, Gale & Chappelow, P.C., St. Louis, Mo., for appellant.
 Evans & Dixon, Robert J. Krehbiel, St. Louis, Mo., for appellees.
 Before ROSS, McMILLIAN and FAGG, Circuit Judges.
 PER CURIAM.
 
 
 1
 Theodore R. Sanders appeals from a final judgment of the District Court[1] for the Eastern District of Missouri granting summary judgment and dismissing his civil rights action under 42 U.S.C. Sec. 1983 against Breckenridge Hills, Missouri, police officers Daniel Frisby and Gary Backers. For reversal appellant argues that the district court erred in holding that the doctrine of collateral estoppel barred his Sec. 1983 claims for alleged violations of his fourth amendment rights because those claims had already been litigated and decided adversely to him during his state criminal proceedings. For the reasons discussed below, we affirm.
 
 
 2
 On April 12, 1980, Officers Frisby and Backers arrested appellant at his home on suspicion of rape. Appellant claims that these police officers arrested him without a warrant or probable cause to believe he had committed a crime. He further alleges that the arresting officers conducted a warrantless search of his home and seized several items of personal property. Appellant was charged with rape and filed pretrial motions to suppress not only the items of personal property seized during the warrantless search but also inculpatory statements made after his arrest, on the grounds that the arrest, search and seizure violated his fourth amendment rights. The state trial court denied the motions to suppress, and appellant was convicted of rape after a jury trial.
 
 
 3
 Appellant appealed his conviction to the Missouri Court of Appeals alleging prosecutorial misconduct, errors in the admission of certain irrelevant evidence, and improper jury instructions. Appellant did not challenge the trial court's denial of his suppression motions. The court of appeals reversed and remanded the cause for a new trial. See State v. Sanders, 634 S.W.2d 525 (Mo.Ct.App.1982). Following remand and prior to any further proceedings, appellant entered a plea of guilty.
 
 
 4
 On June 13, 1983, appellant filed his first amended complaint pursuant to 42 U.S.C. Sec. 1983 against Officers Frisby and Backers for alleged violations of his fourth amendment rights in his arrest and the ensuing warrantless search and seizure. The district court granted the officers' motion for summary judgment, holding that the doctrine of collateral estoppel barred relitigation of the fourth amendment claims in a Sec. 1983 action.
 
 
 5
 In Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court determined that the doctrine of collateral estoppel applied to Sec. 1983 suits against police officers to recover for fourth amendment violations. That case, however, "did not consider precisely how the doctrine of collateral estoppel should be applied to a Fourth Amendment question that was litigated and decided during the course of a state criminal trial." Haring v. Prosise, --- U.S. ----, 103 S.Ct. 2368, 2373, 76 L.Ed.2d 595 (1983) (Prosise ). In Prosise the Court addressed the question whether the doctrine of collateral estoppel barred a Sec. 1983 action to redress a fourth amendment violation after a state court had entered a judgment of conviction upon a guilty plea. The Court ruled that the federal full faith and credit statute, 28 U.S.C. Sec. 1738,[2] required federal courts to give the same preclusive effect to state-court judgments as the State from which the judgment emerged. Accordingly, if state rules of collateral estoppel would bar relitigation of fourth amendment claims in a postconviction civil action, the federal court must give the state conviction the same effect. Id.; see Migra v. Warren City School District Board of Education, --- U.S. ----, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984) (Sec. 1983 action); Kremer v. Chemical Construction Corp., 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982) (Title VII action).
 
 
 6
 In the case at bar, we must determine whether, under the rules of collateral estoppel as applied by Missouri courts, the judgment of conviction following the actual litigation of appellant's fourth amendment claims, the reversal of his conviction on other grounds, and his plea of guilty on remand would foreclose a postconviction civil action challenging an arrest, search and seizure which had produced inculpatory evidence. Missouri courts permit the defensive use of issue preclusion by a stranger to the prior suit against a party to the prior suit. See Oates v. Safeco Insurance Co. of America, 583 S.W.2d 713, 719 (Mo.1979) (banc). Collateral estoppel is appropriate when (1) the issue in the prior proceeding is identical to the issue in the present action, (2) the prior adjudication resulted in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. Id. See American Polled Hereford Ass'n v. City of Kansas City, 626 S.W.2d 237, 241 (Mo.1982). According to appellant, the only criterion not satisfied in the present case is a judgment on the merits. Appellant argues that the reversal of his conviction on appeal vitiated the preclusive effect of any issues decided as part of that conviction. We disagree.
 
 
 7
 Appellant fully litigated his fourth amendment claims in the state trial court, but failed on appeal to set forth any assignments of error with respect to the trial court's denial of those claims. Where an appeal is taken from a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised; all issues which could have been presented, but were not, are deemed waived. See State v. Sykes, 436 S.W.2d 32, 33 (Mo.1969); State v. Liolios, 252 S.W. 621, 621 (Mo.1923). "When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter." United States v. Wright, 716 F.2d 549, 550 (9th Cir.1983) (per curiam). The reversal of appellant's conviction therefore did not destroy the finality of the trial court's ruling on his fourth amendment claims, even though the conviction was reversed on appeal and the case remanded for retrial. The instant case differs significantly from Prosise because the fourth amendment claims were actually litigated and decided on the merits in the present case, whereas in Prosise the defendant's entry of a plea of guilty obviated the need for such a determination. In these circumstances, we believe the courts of Missouri would give collateral estoppel effect to the trial court's ruling on the fourth amendment claims in a subsequent Sec. 1983 action based on the same claims.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri
 
 
 [2]
 28 U.S.C. Sec. 1738 provides, in relevant part, that the "Acts, records and judicial proceedings" of any State, Territory, or Possession "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."