**Robert BAKER, Appellant,**

v.

**Detective Colin McCOY, Russell Crews, David Fletcher, Anthony Deneli, St. Louis Board of Police Commissioners and other unknown persons, officers and employees of the St. Louis Police Department, Appellees.**

No. 83–2536.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1984.

Decided July 24, 1984.

Rehearing and Rehearing en banc Denied Aug. 24, 1984.

Marvin J. Nodiff, St. Louis, Mo., for appellant.

James J. Wilson, City Counselor, Edward J. Hanlon, Asst. City Counselor, St. Louis, Mo., for appellees Colin McCoy, et al.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Robert Baker appeals from a final judgment against him entered in the District

Court[1] for the Eastern District of Missouri in his 42 U.S.C. § 1983 action for damages arising out of alleged beatings by officers of the St. Louis Metropolitan Police Department. For reversal appellant argues that the district court erred in (1) applying the doctrine of collateral estoppel to preclude litigation of the issue of beatings prior to a given date, (2) excluding evidence of an expert witness and (3) directing a verdict in favor of the St. Louis Board of Police Commissioners. For the reasons discussed below, we affirm the judgment of the district court.

On June 19, 1980, an undercover St. Louis police officer was killed. The next day appellant heard that the police were looking for him in connection with the killing and turned himself in. He remained in police custody for three days during which time he made two recorded statements—one on June 20, 1980, admitting that he killed the officer; the other on June 22, 1980, stating that a companion killed the officer.

At a pre-trial hearing in state court, appellant moved to suppress both statements on the ground that they were coerced by threats and beatings by the police. Based on testimony from the police officers who obtained the confession, the state court found that no beatings occurred prior to the June 20 confession, and ruled that statement admissible. The court suppressed the June 22 statement because the state offered no evidence to rebut appellant's claim of beatings prior to that statement. These rulings were affirmed by the Missouri Supreme Court in *State v. Baker*, 636 S.W.2d 902 (Mo.1982) (banc), affirming appellant's subsequent conviction and sentence to death.

On July 24, 1981, appellant instituted the present action for damages under 42 U.S.C. § 1983 against four named St. Louis police officers, the St. Louis Board of Police Commissioners and other unknown officers and employees of the St. Louis Police Department alleging deprivation of liberty without due process arising out of beatings which occurred during the three days he was in police custody. Liability on the part of the individual defendants was premised on the allegation that they, acting under color of state law, physically abused appellant or were aware of the alleged abuse and neither stopped nor attempted to stop the alleged ill treatment; liability on the part of the Board of Police Commissioners was based on its alleged failure to provide adequate protection to appellant while he was in custody, especially in view of the nature of the offense involved.

The district court granted defendants' motion for partial summary judgment on the issue of beatings prior to the confession on June 20. The district court, 572 F.Supp. 266, ruled that litigation of this issue was collaterally estopped by the state court determination that the June 20 confession was voluntary.

At trial there was uncontroverted evidence that appellant was in good health when he entered police custody on June 20, 1980, and that three days later he had welts on his back, cigarette burns on his arms, bruises, and an injured right eye in which vision was totally lost. Appellant testified that after he gave his confession he was taken to a holdover cell where he was beaten by persons in plain clothes, one of whom had taken part in his pre-confession interrogation. He testified that none of the four named defendants was involved in this beating and that he could not identify the individual assailants. The district court refused to admit into evidence the deposition of the former chief trial attorney for the Circuit Attorney of the City of St. Louis, who handled the state prosecution against appellant. The deposition was offered as an expert opinion that injuries depicted in photographs taken of appellant on June 23, 1980, were the result of beatings and that the police department should not have kept appellant in the holdover cell,

---

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

where officers had access to him, given the volatile nature of the situation. At the close of the evidence the district court directed a verdict in favor of all the defendants and this appeal followed.

Appellant first argues that the district court erred in granting appellees summary judgment on the question of any assault on June 20, 1980, prior to appellant's confession. This point is critical to liability on the part of the individual named defendants because appellant was able to identify them as those officers who participated in his pre-confession interrogation. We hold that the district court correctly ruled on this matter.

It is now beyond doubt that the defense of collateral estoppel (issue preclusion) is available in a § 1983 action. Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the state from which the judgment emerged would do so: "[J]udicial proceedings [of any court of any state] shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such state." 28 U.S.C. § 1738 (1976). In *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court held that the rules of preclusion fully apply to civil rights actions brought under 42 U.S.C. § 1983, to preclude relitigation of federal constitutional issues previously decided in state criminal proceedings after a full and fair hearing. Although that case involved an alleged unconstitutional search and seizure in violation of the fourth amendment, its holding is clearly applicable to the present case involving an alleged fifth amendment violation.

■ The district court correctly looked to Missouri law of collateral estoppel in determining the preclusive effect of the state court decision that appellant's June 20, 1980, confession was not coerced by violence. *See Hernandez v. City of Lafa-*

*yette*, 699 F.2d 734, 736 (5th Cir.1983) (state rather than federal rules of preclusion control). In Missouri, a party will be collaterally estopped from relitigating an issue decided in a prior suit when (1) the issue decided was identical to the issue sought to be litigated, (2) the prior adjudication resulted in a judgment on the merits, (3) the party was a party to the prior adjudication, and (4) the party had a full and fair opportunity to litigate the issue in the prior suit. *Oates v. Safeco Insurance Co.*, 583 S.W.2d 713, 719 (Mo.1979) (banc).

■ The district court correctly applied this test to the facts of the present case to conclude that appellant is barred from litigating in this § 1983 action the question of pre-confession beatings.

Appellant next argues that the district court erred in granting the Board of Police Commissioners' motion for a directed verdict at the close of appellant's evidence on the remaining issue of police brutality *after* the confession.[2] Appellant argues that there was sufficient evidence that the Board was negligent in not enforcing a strict policy of limited access by police officers to a suspect in custody in a police homicide case, for submission of that issue to the jury.

■ This court has recognized that a local government entity may be amenable to suit under § 1983 for a continuing failure to remedy a known pattern of constitutionally offensive conduct by its subordinates. *Herrera v. Valentine*, 653 F.2d 1220 (8th Cir.1981) (city held liable for failure to supervise its "overzealous" police force). In order to sustain such a claim, the plaintiff must show that the governmental body had notice of prior misbehavior, that it failed to act, with "deliberate indifference" to further constitutional violations, and that such failure to act proximately caused the injury. *Id.* at 1224. In the present case, however, no evidence was

---

**2.** The district court also granted a directed verdict in favor of the individual defendants. Appellant does not appeal this ruling.

offered of a pattern[3] of similar incidents in which suspects in police homicides were physically beaten by police officers while in custody at a police station. Thus, we must hold that appellant failed to make a submissible case on this issue and that the district court did not err in granting the Board of Police Commissioners a directed verdict. .

Appellant's final point on appeal is that the district court erred in not admitting the deposition of the former chief trial attorney for the Circuit Attorney of the City of St. Louis that in his opinion appellant was beaten while in police custody and that procedures to limit police access to appellant should have been adopted. A district court is vested with broad discretion in determining whether a proffered expert is qualified to testify on a given subject under Fed.R.Evid. 702, and its ruling on the admissibility of expert testimony will be reversed only upon a clear showing of abuse of discretion. *Soo Line R.R. v. Fruehauf Corp.*, 547 F.2d 1365, 1374 (8th Cir.1977). We find no such abuse here.

The specific legal issues and deficiency of proof in the present case require that we affirm the judgment of the district court. We, nevertheless, express our strong abhorrence of the situation where a suspect enters police custody in good health and emerges brutally beaten. The murder of a police officer is an outrage; the physical abuse by police officers of one suspected of this crime, however, cannot be tolerated in a society governed by law.

---

**3.** Other circuits recognizing a cause of action under § 1983 for failure to properly train police officers who violate citizens' constitutional rights do not require proof of a "pattern" of past police misconduct before the city can be sued.

*See generally Languirand v. Hayden,* 717 F.2d 220, 227 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 2656, 81 L.Ed.2d 363 (1984). The author believes this is the better position.