**Darwin Eugene CONLEY, Plaintiff,**

v.

**Charles WHITENER, et al., Defendants.**

**No. 84–1987C(6).**

United States District Court,
E.D. Missouri, E.D.

Sept. 27, 1985.

---

Joseph Davidson, Granite City, Ill., for plaintiff.

Mike Swafford, Robert L. Nussbaumer, Kortenhof & Ely, St. Louis, Mo., for defendants.

## ORDER AND MEMORANDUM

GUNN, District Judge.

IT IS HEREBY ORDERED that defendant McCune's motion for summary judgment is granted.

IT IS FURTHER ORDERED that defendants Whitener and Askew's separate motions for summary judgment are granted in part and denied in part.

Plaintiff brought this action under 42 U.S.C. §§ 1983 and 1988 for damages and attorney's fees. Count I is against defendants Whitener and Askew, both police officers for the City of Ferguson, for false arrest, use of excessive force in effecting said arrest, and use of excessive force to obtain self-incriminating statements. Count II alleges that defendant McCune, also a police officer for the City of Ferguson, by use of hypnosis improperly induced the victim of a rape to identify plaintiff as the man who attacked her, thereby causing plaintiff to be wrongfully arrested and convicted.

■ In support of their motions for summary judgment, defendants argue that the doctrine of collateral estoppel precludes plaintiff from bringing this § 1983 action because he had a full and fair opportunity to litigate the matters herein in a prior state criminal proceeding. The record before the Court establishes the following: Prior to trial in state court, plaintiff moved to suppress his confession on the ground that it was coerced by violence by Officers Whitener and Askew, and to suppress the victim's hypnotically-refreshed testimony and identification. Following a full evidentiary hearing at which plaintiff was represented by counsel, the state court found that plaintiff's statements were not coerced by violence and were admissible, and that the victim's testimony and identification were admissible. The latter ruling was raised by plaintiff on appeal of his jury convictions to the Missouri Court of Ap-

88

peals and was affirmed. In *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court held that the doctrine of collateral estoppel is applicable to § 1983 actions so as to foreclose a state criminal defendant from relitigating matters that were decided by a state court after a full and fair opportunity to litigate. In the present case the Missouri standard of collateral estoppel must be applied. *See Tyler v. Harper,* 744 F.2d 653, 655 (8th Cir.1984) (per curiam); *Baker v. McCoy,* 739 F.2d 381, 384 (8th Cir.1984).

In Missouri, a party will be collaterally stopped from relitigating an issue decided in a prior suit when (1) the issue decided in the prior adjudication is identical to the issue in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Oates v. Safeco Insurance Co. of America,* 583 S.W.2d 713, 719 (Mo. banc 1979). All issues which could have been presented, but were not, are deemed waived. *Sanders v. Frisby,* 736 F.2d 1230, 1232 (8th Cir.1984) (per curiam).

■ Applying this test to the facts of the present case, the Court concludes that plaintiff is barred from litigating in this § 1983 action the claim against defendant McCune, and the claims of false arrest and beatings incident to the confession against defendants Whitener and Askew. *See Baker v. McCoy,* 739 F.2d 381. The Court concludes, however, that the claim that defendants Whitener and Askew used excessive force at the time of the arrest was not raised in the prior state court proceeding, nor thereby waived.

Accordingly, summary judgment is granted in favor of defendant McCune; granted in favor of defendants Whitener and Askew as to the claims of false arrest and beatings incident to plaintiff's confession; and denied as to the claim against

defendants Whitener and Askew of excessive violence at the time of arrest.