The **REALEX CHEMICAL CORP., Plaintiff,**

v.

**S.C. JOHNSON & SON, INC., Defendant.**

**No. 87–0038C(3).**

United States District Court, E.D. Missouri, E.D.

June 25, 1987.

---

J. Roger Edgar and Jeffrey T. Demerath, Greensfelder, Hemker, Wiese, Gale & Chappelow, St. Louis, Mo., for plaintiff.

Alan C. Kohn and Steven R. Sullivan, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, Mo., Robert M. Newbury and Thomas P. Arden, Pattishall, McAuliffe & Hofstetter, Chicago, Ill., for defendant.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on plaintiff-counterdefendant's motion for summary judgment. Defendant-counterclaimant opposes the motion.

On or about March 26, 1986, defendant-counterclaimant S.C. Johnson & Son, Inc. (Johnson) filed in this Court a former action alleging copyright infringement and unfair competition by plaintiff-counterdefendant The Realex Chemical Corporation (Realex). *S.C. Johnson & Son, Inc. v. Realex Corporation*, No. 86–0655C(3) (E.D. Mo.).

On or about May 14, 1986, Johnson and Realex entered into an agreement in settlement of the former action whereby the label of the Realex "Real Kill" wasp and hornet killer aerosol can was to be changed in accordance with directions in the settlement agreement. This agreement was approved and so ordered by the Court. The agreement reads, in pertinent part:

4. Realex and United will change their wasp and hornet insecticide label depicted in Exhibit D. Realex and United have represented that the red background in the cartouche will be changed from the color red and that the trademark "Real Kill" will not appear in yellow. Johnson takes no position as to the propriety of the changes. Realex and United will furnish the new can to Johnson.

On December 22, 1986, after having viewed both the proposed label and the modified can on separate occasions, Johnson advised Realex that the proposed new label still constituted copyright infringement and unfair competition, and Johnson threatened legal action if the proposed label was used.

In the present complaint, Realex claims that Johnson's demands are in violation of the agreement and order stipulated to by the parties. Realex seeks a declaratory judgment decreeing that Johnson is in violation of the agreement and order, and that Realex's proposed label, and any sale or distribution of cans bearing such label, does not infringe upon any right of Johnson's arising under the copyright or trademark laws of the United States.

Johnson's counterclaim alleges copyright infringement and unfair competition resulting from the above described use. Johnson argues that the language in paragraph 4 reserves to Johnson the right to object to the modified can if Johnson did not find the changes adequate.

Johnson now further argues that Realex's house and garden bug killer label (which was not a subject of the parties' former litigation) violates Johnson's rights under the trademark law of the United States and constitutes unfair competition under common law.

Realex moves for summary judgment on its complaint as well as on the counterclaim filed by Johnson. Realex argues that by changing its wasp and hornet killer label as directed in the agreement and order, it is entitled to summary judgment on its complaint.

With respect to Johnson's counterclaim, Realex argues that those claims are barred by res judicata and that the modified label simply complies with the agreement and order. Realex further argues that any claim against the Realex house and garden bug killer label is barred by the prohibition against splitting causes of action as well as the equitable defenses of estoppel and acquiescence.

Johnson responds that it in no way waived objections to the use of the Realex modified label since Johnson was not sure the changes would be sufficient to avoid unfair competition and copyright infringement.

With respect to Johnson's claim against Realex's house and garden bug killer label, Johnson argues that there is an issue of fact regarding acquiescence on its part.

Johnson admits having knowledge of the Realex price list and the products depicted therein, but argues that the list is visually unclear.

Summary judgment may be entered under Fed.R.Civ.P. 56 only if "there is no genuine issue of any material fact." The parties do not contest the validity of the agreement and order, but rather dispute the meaning and effect of paragraph 4 thereto.

Realex seeks summary judgment on its complaint on the basis of its compliance with the directions of the agreement and order. Johnson's argument as to reserving the right to object to the agreed upon changes does not reserve to Johnson the right to endlessly pursue costly litigation to correct the same wrong. If Johnson was unsure as to the "propriety of the changes," Johnson should not have entered into the subject agreement.

■ The Court notes that the color of the Realex label was the only detail change requested by Johnson. Clearly, Johnson had ample opportunity to determine what other changes, if any, would be necessary to eliminate the threat of unfair competition or copyright infringement. The Court finds a distinct difference between taking no position and properly reserving a right to object. The Court finds Johnson's objections untimely and improper. Accordingly, Realex's motion for summary judgment on its complaint will be granted.

With respect to Johnson's counterclaim, Realex argues that Counts I and II are precluded by res judicata.

In order to successfully raise the defense of res judicata, the party asserting the defense must demonstrate that there has been a final judgment on the merits in a prior suit; that the prior suit involves the same parties or their privies; and that the subsequent suit is based on the same causes of action. *Baker v. McCoy*, 739 F.2d 381 (8th Cir.1984).

■ The parties to this suit are identical to the parties bound by the settlement agreement. The agreement clearly has the

effect of a judgment on the merits and so states. The Court is satisfied that Johnson had a full and fair opportunity to contest the issues which would be dispositive of the present controversy prior to entering into the subject settlement agreement. Thus, the Court finds res judicata to be applicable in this matter. Accordingly, Realex's motion for summary judgment as it applies to Counts I and II of Johnson's counterclaim will be granted.

As to Count III of Johnson's counterclaim, the Court finds no dispute as to the fact that Johnson had knowledge of the Realex house and garden bug killer can. Johnson claims it would have been premature to pursue any action at the time the former suit was instituted. Johnson states that the label depicted in the Realex price list was different from that on the first can viewed by Johnson in January 1987. Johnson argues that to make an objection based on an "unclear" depiction in a price list would be irresponsible.

■ The Court has a responsibility to see that issues created from the same set of facts and circumstances, within the jurisdiction of this Court, and thus capable of being resolved in a single action between the parties, are so resolved. The differences between the label on the house and garden bug killer can, as depicted on the price list and as it is currently found, are trivial at best. Johnson surely possessed enough knowledge and notice as to the Realex line of products at the time it instituted its suit against Realex on the subject labels so that it could reasonably be expected to investigate the possibility of any other infringement or violation.

Therefore, the Court finds that this issue could and should have been resolved in the former suit. This aspect of Realex's motion will also be granted.