**Samuel L. RICE, Plaintiff,**

**v.**

**John I. BARNES, et al., Defendants.**

No. 95–0756–CV–W–5.

United States District Court,
W.D. Missouri,
Western Division.

Jan. 30, 1997.

Samuel L. Rice, Kansas City, MO, pro se.

Jon K. Lowe, Kansas City, MO, Sulaimon Adebayo Hassan, Kansas City, KS, for Samuel L. Rice.

Galen P. Beaufort, Kathleen A. Hauser, City Attorney's Office, Kansas City, MO, for City of Kansas City, Mo., Richard Berkley and Emmanuel Cleaver.

Dale H. Close, Lisa Sander Morris, Kansas City Police Dept., Legal Advisor's Office, Kansas City, MO, for Steven Bishop, Sgt. Molloy, KCMOPD and Cord Laws, KCMOPD.

## ORDER GRANTING SUMMARY JUDGMENT

LAUGHREY, District Judge.

Pending before the Court is Defendant Fred Lewis' ("Officer Lewis") Motion for Summary Judgment, together with Suggestions in Support, filed on October 15, 1996. Plaintiff Samuel L. Rice ("Mr. Rice") filed Suggestions in Opposition on November 25, 1996, to which Defendant Lewis filed Reply Suggestions on December 5, 1996. After due consideration of the above, and for the reasons set forth below, Defendant Lewis' Motion is granted.

### I. Summary Judgment Standard

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A defendant who moves for summary judgment bears the burden of showing that there is no genuine issue of

material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party and the nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prod. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir.1991) (citation omitted).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510 (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

With these principles in mind, the Court turns to an examination of the facts.

### II. Factual Background

Pursuant to Local Rule 13(G), Defendant's Suggestions in Support begin with separately numbered paragraphs of concise statements of uncontroverted facts. Each fact is supported by reference to a specific part of the record where the fact is established. All facts set forth in Defendant's statement of uncontroverted facts are deemed admitted for the purposes of summary judgment unless specifically controverted by Plaintiff. *See* Local Rule 13(G)(1). Accordingly, the facts set forth in Defendant's Suggestions in Support which are uncontroverted, together with those uncontroverted facts set forth in Plaintiff's Suggestions in Opposition, form the basis of the Court's understanding of the factual background of this case.

On August 23, 1990, Police Officers John Barnes, Cord Laws, George McCall, Rick Ludwig, and others, forcibly entered the residence at 3410 Brooklyn, Kansas City, Missouri, pursuant to a search warrant signed by the Honorable John R. O'Malley, Circuit Judge of Jackson County, Missouri. The

search warrant authorized the Officers to search for and seize marijuana, U.S. currency in close proximity to narcotics or pre-recorded advanced Street Narcotics Unit funds, papers and documents relating to narcotic trafficking, firearms and narcotics paraphernalia. The search warrant was issued based upon a previous undercover drug buy at the residence.

 The documents before the Court do not indicate what affidavit(s) or other evidence was submitted to Judge O'Malley in support of the application for the search warrant. The record does contain information relating to a previous drug sale at the residence on August 14, 1990, the day before the application for the search warrant was submitted to the state court. [*See* Pl.'s Ex. 7, Pl.'s Opp. to Barnes' Motion.][1] An Investigative Report completed by Officer Lewis states that on August 14, 1990, at 11:18 p.m., pursuant to a hotline report of narcotics trafficking, Officer Lewis proceeded to 3410

Brooklyn, Kansas City, Missouri. [Pl.'s Ex. 6, Pl.'s Opp. to Barnes' Motion.] At the residence, in exchange for twenty dollars ($20.00), an unknown black male gave Officer Lewis two bags of a green leafy substance. A field test revealed that the substance in the bags "reacted positive to the presence of THC, the active ingredient in marijuana." [Pl.'s Ex. 6, Pl.'s Opp. to Barnes' Motion.] The Investigative Report identifies the seller as an "UNKNOWN B/M, 6'2", 245 lbs., 25–30 years of age, medium complexion, afro hair style." [Pl.'s Ex. 6, Pl.'s Opp. to Barnes' Motion.] In his opposition to Officer Lewis' Motion, Plaintiff denies that he sold Officer Lewis marijuana and alleges that Officer Lewis lied about having purchased the marijuana in his affidavit in support of the search warrant.[2]

Officer Lewis was not one of the officers in the search team that entered the residence on August 23, 1990.[3]

1. The Court notes that a business records affidavit was not submitted to the Court with the copies of the various business records. In ruling on a motion for summary judgment, the district court may consider only admissible evidence, and accordingly, a party may not rely upon hearsay evidence to support and/or oppose a motion, without a showing of admissibility. *Walker v. Wayne County, Iowa*, 850 F.2d 433, 434–35 (8th Cir.1988), *cert. denied*, 488 U.S. 1008, 109 S.Ct. 791, 102 L.Ed.2d 783 (1989). "Nevertheless, if a party fails to challenge hearsay evidence submitted to the court, the court does not commit error in considering such evidence." *Id.* at 435 (*citing Dautremont v. Broadlawns Hosp.*, 827 F.2d 291, 294–95 (8th Cir.1987); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir.1987)). Accordingly, because Defendant Lewis has not challenged the admissibility of the records submitted by Plaintiff in support of his opposition to the motion for summary judgment, the Court will consider the evidence in ruling on the motion.

2. Plaintiff also alleges that Officer Lewis lied about having had a conversation with Plaintiff on August 23, 1990, just prior to the execution of the search warrant, wherein Officer Lewis allegedly attempted to make a second drug purchase at Plaintiff's residence. [Am. Compl. at ¶ 6.] According to Officer Lewis, the seller reported he did not have any drugs to sell at that time. [Def.'s Ex. A at ¶ 5.] Officer Lewis described the potential seller in the residence as the same person who sold him the marijuana on August 14, 1990. [Pl.'s Ex. 2.] According to a Police Investigative Report, Plaintiff is a black male, 6'2", 240 lbs. [Pl.'s Ex. 8, Pl.'s Opp. to Barnes'

Motion.] As previously indicated, Plaintiff denies having had any contact with Officer Lewis just prior to the execution of the search warrant. Plaintiff's allegations, although disputed, do not raise a genuine issue of material fact which would preclude summary judgment because the alleged conversation was not the basis for the search warrant or Plaintiff's arrest. Accordingly, the allegations do not lend any support to Plaintiff's claim of a lack of probable cause. *See Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510 ("Only disputes over facts that might affect the outcome of this suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.")

3. Plaintiff argues that because Officer Lewis stated that the search warrant had to be served and returned by August 23, 1990, when in fact, under Mo.Rev.Stat. § 542.276(6), (8), the warrant did not have to be returned until August 25, 1990, that the officers had a pre-meditated plan to violate Plaintiff's constitutional rights. [See Pl.'s Opp. at pp. 5–6.] Plaintiff's allegations, however, do not establish a genuine issue of material fact that would preclude summary judgment. Section 542.276 sets a ten day maximum time period for the execution of warrants. Since the search warrant was executed within 10 days from its date of issuance, the warrant was executed in compliance with the statute. *State v. Jackson*, 821 S.W.2d 908, 909 (Mo.App.1992) ("No Missouri court has invalidated a warrant under § 542.276 where execution was made in the ten day limit.")

Following the incident on August 23, 1990, Plaintiff was charged with a Class C Felony of Selling Marijuana on August 14, 1990,[4] and a Class D Felony of Exhibiting a Weapon in a Rude, Angry and Threatening Manner on August 23, 1990. On March 11, 1991, pursuant to a plea agreement, Plaintiff plead guilty to the charges of Sale of a Controlled Substance and Unlawful Use of a Weapon. At the conclusion of Plaintiff's testimony, the Honorable Jon R. Gray made the following findings:

> The Court finds in each case that the Defendant [Mr. Rice] understands the charges against him and the consequences of the plea. He's been advised of his rights and understands them and voluntarily, freely and intelligently waives those rights. He's been able to understand and assist his attorney. He's been ably and competently assisted by counsel. There's no mental disease or defect of defense.... Accordingly, the Court finds beyond a reasonable doubt the defendant [Mr. Rice] is guilty of sale of controlled substance, a class C felony and unlawful use of a weapon, a class D felony.

[Tr. at pp. 19–20.][5]

█ The Defendants in this case are Officer Lewis and the individual police officers who executed the search warrant of Plaintiff's residence on August 23, 1990. Plaintiff's Amended Complaint is in two counts. Count I alleges a claim under 42 U.S.C. § 1983 challenging the search of Plaintiff's residence and the seizure of his property because Officer Lewis allegedly provided false information to the Judge who issued the search warrant. Plaintiff also alleges under Count I that his arrest was without probable cause. Count II alleges a claim under 42 U.S.C. § 1983 for excessive force, but does not allege a claim against Officer Lewis. The Amended Complaint does not specify whether the lawsuit is brought against Officer Lewis in his individual or his official capacity. The Court will treat the action as one against Officer Lewis in his individual capacity.[6]

## III. Analysis of Count I of Plaintiff's Amended Complaint

### A. Title 42 U.S.C. § 1983

Count I of Plaintiff's Amended Complaint seeks relief under 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

█ In order to state a claim under § 1983, a plaintiff must establish (1) that the defendant deprived him of a right secured by the Constitution or laws of the United States; and (2) that such deprivation was committed by a person acting under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980) (citation

---

4. The Court assumes that during the plea proceedings, at one point, the Judge mistakenly referred to the sale of marijuana as having occurred on May 14, 1990, rather than August 14, 1990. [Tr. at p. 9.] Based upon all of the evidence before the Court, the Court assumes the correct date is August 14, 1990. [Tr. at p. 11.]

5. Plaintiff does not dispute the fact that a guilty plea was entered by the Court, however, he argues that the guilty plea was "involuntary because he was suffering from mental defects and memory loss at the time of the plea and he did not understand what he was doing." [Pl.'s Opp. at p. 2.] There is no evidence before the Court as to whether or not Plaintiff has in the past, or is currently, legally challenging his guilty plea.

6. A suit against an official in his/her individual capacity seeks to impose liability for actions taken under color of state law. In such cases, the plaintiff is required to show that the official caused a deprivation of a federal right. In contrast, a suit against an official in his/her official capacity requires a showing that an official policy or custom caused a constitutional violation. *See Clay v. Conlee,* 815 F.2d 1164, 1169–70 (8th Cir.1987); *Rollins v. Farmer,* 731 F.2d 533, 535 (8th Cir.1984). Plaintiff in this case has not alleged the existence of any policy or custom as the basis for the alleged constitutional violation, but rather alleges Officer Lewis deprived him of a constitutional right.

omitted); *Hamilton v. Schriro,* 74 F.3d 1545, 1549 (8th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 193, 136 L.Ed.2d 130 (1996).

In his Motion for Summary Judgment, Officer Lewis argues that Plaintiff's claims under § 1983 of unreasonable search and seizure, and arrest without probable cause are barred by the doctrine of collateral estoppel.

## B. Applicability of the Doctrine of Collateral Estoppel

Focusing first on Plaintiff's claims relating to the validity of the search warrant, Plaintiff alleges that Officer Lewis instigated the search of his residence "when he falsely stated in an official police investigative report [that] he purchased a $20.00 worth of Marijuana from 'an unknown black male, approximately 6'2", 240–250 pound [sic]' at 3410 Brooklyn, Kansas City, Jackson County, Missouri on August 14, 1990." [Am. Compl. at ¶ 5.] As previously indicated, the search warrant issued by Judge O'Malley was based upon information concerning an undercover drug buy at the residence on August 14, 1990, by Officer Lewis. Plaintiff denies that he sold Officer Lewis drugs on August 14, 1990. [Pl.'s Opp. at pp. 1–2.] In his Suggestions in Support of his Motion for Summary Judgment, Officer Lewis argues that because Plaintiff plead guilty to the charge of Sale of a Controlled Substance on August 14, 1990, he is precluded from challenging the truthfulness of the information concerning the drug buy contained in Officer Lewis' affidavit under the doctrine of collateral estoppel.

■■■ Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). The Supreme Court has held that the doctrine of collateral estoppel applies to § 1983 actions against police officers premised upon violations of the Fourth Amendment. *Id.* at 103–05, 101 S.Ct. at 419–21. The doctrine applies only where a

party had "an adequate opportunity or incentive to obtain a full and fair adjudication in the first proceeding." *Simmons v. O'Brien,* 77 F.3d 1093, 1095 (8th Cir.1996).

Only when a party has previously had such a full and fair opportunity to litigate that issue does the benefit of preclusion outweigh the countervailing due process concerns present whenever a party is estopped from raising a claim.

*Id.* at 1095–96 (*citing Blonder–Tongue Lab. Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 328–30, 91 S.Ct. 1434, 1442–44, 28 L.Ed.2d 788 (1971)).

■■■ The full faith and credit clause generally requires "federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen,* 449 U.S. at 96, 101 S.Ct. at 415.[7] A state court judgment will not be given collateral estoppel effect "where the party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court." *Id.* at 101, 101 S.Ct. at 418. In the context of a § 1983 action, when a federal constitutional claim is decided in a state criminal proceeding, following a full and fair hearing, collateral estoppel will bar a subsequent § 1983 action raising the same issue. *Id.* at 103–04, 101 S.Ct. at 419–20. *See also Simmons v. O'Brien,* 77 F.3d 1093, 1097 (8th Cir.1996) (Where defendant raised issue of coercion at the suppression hearing in state court, the defendant was estopped from relitigating the issue in federal court under § 1983); *Baker v. McCoy,* 739 F.2d 381, 384 (8th Cir.1984) (same); *Sanders v. Frisby,* 736 F.2d 1230, 1232 (8th Cir.1984) (Where defendant raised Fourth Amendment issues by means of a motion to suppress, which was denied by the trial court, collateral estoppel would act as a bar to defendant relitigating those claims through a § 1983 action.); *Tyler v. Harper,* 744 F.2d 653, 655–56 (8th Cir. 1984), *cert. denied,* 470 U.S. 1057, 105 S.Ct. 1767, 84 L.Ed.2d 828 (1985) (Section 1983 claim held to be barred under Missouri law

---

7. The full faith and credit clause provides that "judicial proceedings [of any court of any state] shall have the same full faith and credit in every

court within the United States and its Territories and Possessions as they have by law or usage in the courts of such state ..." 28 U.S.C. § 1738.

where plaintiff had been given a full and fair opportunity to litigate his claim of witness intimidation during a two day hearing in state court on his motion to dismiss.)

■■■■ The issue before the Court is whether the collateral estoppel doctrine, as applied by the Missouri courts, would prevent Plaintiff from maintaining his claim of unreasonable search and seizure, based upon his denial that the drug sale occurred, in light of the fact that he plead guilty to the charge. In Missouri, collateral estoppel applies when:

(1) [T]he issue in the present case [is] identical to the issue decided in the prior adjudication;

(2) [T]he prior adjudication result[ed] in judgment on the merits;

(3) [T]he party against whom collateral estoppel is asserted is the same party (or in privity with a party) in the prior adjudication; and

(4) [T]he party against whom collateral estoppel is asserted ha[d] a full and fair opportunity to litigate the issue in the prior suit.

*State ex rel. Haley v. Groose*, 873 S.W.2d 221, 223 (Mo. banc 1994) (*citing King Gen. Contractors v. Reorganized Church*, 821 S.W.2d 495, 500 (Mo. banc 1991); *Oates v. Safeco Ins. Co. of Am.*, 583 S.W.2d 713, 719–21 (Mo. banc 1979)).

■■■■ Focusing upon the factors applied under Missouri law, the law is clear that when an individual pleads guilty to a charge, he not only admits his guilt, but also admits all of the facts charged. *Hurse v. State*, 527 S.W.2d 34, 36 (Mo.App.1975) (*citing Robinson v. State*, 491 S.W.2d 314, 315 (Mo.1973)).[8] Accordingly, through his guilty plea, Plaintiff has admitted that the sale of marijuana on August 14, 1990, occurred.

However, in order for the doctrine of collateral estoppel to apply, Missouri law also requires there to be a decision on the merits. Under Missouri law, a guilty plea is not a decision on the merits, but rather a waiver of a right to a decision on the merits. *See U.S. v. Wray*, 608 F.2d 722, 724 (8th Cir.1979), *cert. denied*, 444 U.S. 1048, 100 S.Ct. 739, 62 L.Ed.2d 735 (1980) (By pleading guilty, "a defendant waives his right to a decision on the merits, whether it be by judge or jury, and foregoes the opportunity to assert any other defense he may have ...")

Additionally, the Supreme Court has recently held that under Virginia law, a guilty plea entered in a state criminal action would not collaterally estop a plaintiff from bringing a subsequent § 1983 claim challenging the legality of a search under the Fourth Amendment. *Haring v. Prosise*, 462 U.S. 306, 320–21, 103 S.Ct. 2368, 2376–77, 76 L.Ed.2d 595 (1983). *See also Vennes v. An Unknown Number of Unidentified Agents of the United States*, 26 F.3d 1448, 1452 (8th Cir.1994), *cert. denied*, 513 U.S. 1076, 115 S.Ct. 721, 130 L.Ed.2d 627 (1995); *Linnen v. Armainis*, 991 F.2d 1102, 1106 (3rd Cir.1993) (A defendant's guilty plea does not bar his § 1983 claim "because it does not involve any issue that would be preclusive under the full faith and credit clause of the Constitution.")

None of the cases cited by Officer Lewis hold that the doctrine of collateral estoppel bars a plaintiff from raising a constitutional challenge by means of a § 1983 action where the plaintiff plead guilty to the underlying charge. For the reasons set forth above, the Court is not persuaded by Officer Lewis' argument that Plaintiff's claims against him are barred under the doctrine of collateral estoppel.

## C. Application of *Heck v. Humphrey*

■■■■ Although the doctrine of collateral estoppel does not bar Plaintiff's claims

---

8. The fact that Plaintiff's guilty plea was an *Alford* plea, *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), does not alter his admission of guilt and the underlying facts charged. In *Alford*, the Supreme Court held that an accused may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even though he/she is unwilling to admit participation in a crime. *Id.* at 37, 91 S.Ct. at 167. Missouri courts have held that

an *Alford* plea "stands on equal footing with one in which an accused specifically admits the commission of the particular act charged." *Wilson v. State*, 813 S.W.2d 833, 843 (Mo. banc 1991) (*quoting Jenkins v.State*, 788 S.W.2d 536, 538 (Mo.App.1990)). (In both *Wilson* and *Jenkins*, the plaintiffs were seeking post-conviction relief, one based upon the alleged involuntariness of his plea and the other based upon ineffective assistance of counsel.)

against Officer Lewis relating to the purported drug sale, the doctrine announced by the Supreme Court in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), does. In *Heck,* the plaintiff was convicted of involuntary manslaughter in Indiana state court. While his appeal of the conviction was pending, the plaintiff filed a § 1983 claim alleging that the prosecutors and the police investigators had conspired to destroy exculpatory evidence and to use an illegal voice identification procedure at his trial. In affirming the dismissal of the plaintiff's action, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damage bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87, 114 S.Ct. at 2372 (emphasis added.) To explain the appropriate application of its holding, the Supreme Court stated:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487, 114 S.Ct. at 2372–73.

Applying *Heck* to the instant case, Plaintiff alleges that Officer Lewis lied in his warrant application regarding the sale of drugs on August 14, 1990, and therefore the search of his residence was without probable cause. [Am. Compl. at ¶¶ 4–7.] In order for Plaintiff to prevail on his constitutional claims against Officer Lewis, however, Plaintiff would be required to prove the unlawfulness of his conviction, i.e., that he did not sell drugs on August 14, 1990. This would constitute an impermissible collateral attack on Plaintiff's conviction under *Heck* because the Plaintiff has failed to place any evidence before the Court that his guilty plea to the charge of Sale of a Controlled Substance has been reversed or otherwise called into question. Accordingly, Plaintiff's § 1983 civil action against Officer Lewis based upon the alleged invalidity of the search warrant must be dismissed. *See Berman v. Turecki,* 885 F.Supp. 528, 532 (S.D.N.Y.1995) (Court dismissed *Bivens* action where challenge relating to truthfulness of information contained in sworn declarations would imply that conviction should be overturned.)

 Additionally, Plaintiff is likewise precluded from challenging his arrest on the basis of a lack of probable cause. The Eighth Circuit has held that a conviction, pursuant to a guilty plea, acts as a complete defense to a civil rights action asserting that an arrest was made without probable cause. *Williams v. Schario,* 93 F.3d 527, 528–29 (8th Cir.1996) (*citing Malady v. Crunk,* 902 F.2d 10, 11 (8th Cir.1990)). *See also Cameron v. Fogarty,* 806 F.2d 380, 388–89 (2nd Cir.1986), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987). As the court explained in *Cameron:*

> In sum, we conclude that the proper accommodation between the individual's interest in preventing unwarranted intrusions into his liberty and society's interest in encouraging the apprehension of criminals requires that § 1983 doctrine be deemed, in the absence of any indication that Congress intended otherwise, to incorporate the common-law principle that, where law enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause.

806 F.2d at 388–89.

As previously stated, on March 11, 1991, Plaintiff plead guilty to the crimes of Sale of

Controlled Substance on August 14, 1990, and Exhibiting a Weapon in a Rude, Angry and Threatening Manner on August 23, 1990. [Tr. at pp. 18–19.] Application of the common-law principle precludes Plaintiff from maintaining his claim under § 1983 based upon a lack of probable cause for his arrest.

### IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Defendant Lewis' Motion for Summary Judgment [Doc. # 56] is GRANTED. Defendant Lewis is granted summary judgment as to Count I of Plaintiff's Amended Complaint.