# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2027

_____

Cesar de la Garza,                  *
                                        *

       Petitioner - Appellant,     *
                                        *    Appeal from the United States
    v.                               *    District Court for the
                                        *    District of Minnesota.

Joan Fabian,                   *
                                        *

       Respondent - Appellee.    *

_____

Submitted: May 12, 2009
Filed: July 31, 2009

_____

Before LOKEN, Chief Judge, BYE, Circuit Judge, and MILLER, District Judge.[1]

_____

MILLER, District Judge.

We affirm the district court's order [2] denying the petition for writ of habeas corpus of appellant Cesar de la Garza. De la Garza, who was convicted of second degree murder by a Kandiyohi County, Minnesota jury, petitioned the district court

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeanne J. Graham, United States Magistrate Judge for the District of Minnesota.

for habeas relief asserting, among other things, that he was denied his Sixth Amendment right to counsel because jail officials did not permit him to communicate with his attorney during an overnight trial recess. The district court denied de la Garza's petition and he was granted a certificate of appealability. We affirm because the state court did not violate clearly established law and because we presume the state court's factual finding, that de la Garza 's right to counsel was neither denied nor interfered with, is correct.

I.

De la Garza was arrested on June 7, 2000, and was later charged with first degree murder for the death of Jesus Garcia Guajardo. He was detained in the Kandiyohi County Law Enforcement Center while awaiting trial. On January 6, 2002, de la Garza and four other inmates created a disturbance in the center and he was placed in disciplinary segregation. As a result, his out-of-cell time was limited to fifteen minutes per day.

De la Garza's trial began on January 28, 2002. During voir dire, de la Garza's attorney provided him with several newspaper articles relating to the case and told de la Garza to call him about the possibility of filing a motion for change of venue due to pretrial publicity. According to de la Garza, that evening, after returning to his cell, he asked one of the guards to use the telephone to call his attorney. He states that he was told that his out-of-cell time had been used up during the ten hours that he was in court and that he was denied the use of the telephone. The next morning, before the start of trial, de la Garza met with his attorney to discuss a change of venue and was informed that it was too late. De la Garza was convicted of second degree murder.

After exhausting his state court remedies, de la Garza petitioned for post-conviction relief, arguing that the state had interfered with his right to counsel. A hearing on the petition was held and, at that hearing, de la Garza testified that he was

not denied access to counsel on trial days between the hours of 8:30 a.m. and 5:00 p.m. He also testified that his attorney had not attempted to telephone him.

Jail Administrator Ron Wilson testified that the center is required to permit attorneys to meet with detainees. Wilson also testified that there are no restrictions on how long a detainee can stay out of his cell while talking to his attorney and that jailers do not cut detainees off when they are on the telephone with their attorneys.

The state trial court denied de la Garza's petition for post-conviction relief and that denial was affirmed by the state appellate court. In affirming, the state appellate court found that the record did not reflect that: (1) de la Garza asked to use the telephone to contact his attorney; (2) de la Garza's attorney was available to speak with him if he had called; or (3) if de la Garza's attorney had been available, the attorney could have prepared the memorandum necessary to support a motion for change of venue. The appellate court also found that de la Garza had admitted that no one had interfered with his access to counsel. The state appellate court concluded that although limits had been placed on de la Garza's telephone usage, the limits were justified and did not unduly interfere or prejudice de la Garza's right to counsel.

Thereafter, de la Garza filed a petition for writ of habeas corpus containing eleven grounds; the first being that his Sixth Amendment right to counsel was violated when he was not permitted to use the telephone on the evening of January 28, 2002. The magistrate judge issued a report recommending dismissal with prejudice of grounds two through eleven, and those grounds were dismissed. In a second report, the magistrate judge recommended denying de la Garza's petition for habeas corpus. That recommendation was adopted by the district court and de la Garza's petition for a writ of habeas corpus was dismissed with prejudice.

De la Garza was granted a certificate of appealability on April 25, 2008, to determine whether he is entitled to a writ of habeas corpus because the guard did not

permit him to call his attorney, thereby violating his Sixth Amendment right to counsel.

## II

The district court's denial of de la Garza's petition for writ of habeas corpus is affirmed because de la Garza has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law. This is true because there is no Supreme Court precedent holding that the failure of a jail guard to permit a detainee to call counsel during an overnight trial recess violates the detainee's Sixth Amendment right to counsel. Further, de la Garza has failed to show that the state court's determination, that the limits placed on de la Garza's phone usage did not unduly interfere or prejudice his right to counsel, was based on an unreasonable application of established principles, or an unreasonable determination of the facts.

The review of habeas petitions is limited to the issues in the certificate of appealability. Chang v. Minn., 521 F.3d 828, *831 (8th Cir. 2008). The district court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. Id.; Revels v. Sanders, 519 F.3d 734, *739 (8th Cir. 2008). Because this habeas corpus action involves a state-court conviction, the court's review is limited by the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). Underdahl v. Carlson, 462 F.3d 796, *798 (8th Cir. 2006). Under the AEDPA, a federal court may grant a writ of habeas corpus on a claim decided by a state court only when the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court. Sanders v. Norris, 529 F.3d 787, *790 (8th Cir. 2008); Nicklasson v. Roper, 491 F.3d 830, *833 (8th Cir. 2007). A state court decision is contrary to clearly established federal law if it reaches a conclusion

opposite to one reached by the Supreme Court on a question of law or decides the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts. Nicklasson, 491 F.3d at *833-34; Underdahl, 462 F.3d at *798.

A state court decision involves an unreasonable application of clearly established federal law if, in the federal court's independent judgment, the relevant state court decision not only applied clearly established federal law incorrectly, but also did so unreasonably. Nicklasson, 491 F.3d at *834. For an application of the law to be unreasonable, it must be more than merely wrong. Underdahl, 462 F.3d at *798. The unreasonable application inquiry is an objective one. Carter v. Bowersox, 265 F.3d 705, *713 (8th Cir. 2001). The AEDPA requires federal courts to presume that state court factual findings are correct. Nicklasson, 491 F.3d at *834; Smulls v. Roper, 535 F.3d 853, *864 (8th Cir. 2008)(presumption of correctness also applies to factual determinations of state appellate courts).

In denying de la Garza's petition for writ of habeas corpus, the district court found that the law was unclear as to whether de la Garza was required to show some type of prejudice in order to establish a violation of his right to counsel. In his habeas petition, de la Garza asserts that the law is well settled that a showing of prejudice is not required. The parties rely on Geders v. United States, 425 U.S. 80, 92 96 S. Ct. 1330, 1337 (1976) and Perry v. Leeke, 488 U.S. 272, 109 S. Ct. 594 (1989) in support of their positions.

In Geders, the trial court ordered the defendant to refrain from conferring with his attorney during an overnight trial recess between the defendant's direct and cross examinations. Id. at *92, 96 S.Ct. at **1337. The Supreme Court held that the trial court's order violated the defendant's right to assistance of counsel because, among other things, an overnight trial recess provides a defendant the opportunity to discuss with counsel the significance of the day's events. Id. at *88, 96 S. Ct. at **1335. The

Court, however, explicitly held that it was not addressing limitations that were imposed in other circumstances.  Id. at *92, 96 S. Ct. at **1337.

Geders was clarified by Perry, in which the Supreme Court held that habeas petitioners do not have to prove prejudice when they show an actual or constructive denial of the assistance of counsel.  See Perry, at *280, 109 S. Ct. at **599. The petitioner in Perry argued that his Sixth Amendment right to counsel had been violated by the trial court's order forbidding him from consulting with his attorney during a fifteen minute recess between his direct and cross-examinations.  The district court granted the petition.  The Fourth Circuit Court of Appeals, sitting en banc, reversed.  See id. at *276, 109 S. Ct. at **597.  The Court of Appeals held that, although Geders applied, the conviction should stand because the trial court's error was harmless in that it was not prejudicial.  Id. at *276, 109 S. Ct. at **597.  The Supreme Court granted certiorari.  Id.

In affirming the Fourth Circuit, the Supreme Court distinguished Perry from Geders and held that the Sixth Amendment guarantees the types of discussions attorneys have with their clients during long recesses that go beyond discussions about the defendant's own testimony, "such as the availability of other witnesses, trial tactics, or even the possibility of negotiating a plea bargain." Id. at *284, 109 S. Ct. at **602.  It further held that:

> [i]t is the defendant's right to unrestricted access to his lawyer for advice on a variety of trial-related matters that is controlling in the context of a long recess. The fact that such discussions will inevitably include some consideration of the defendant's ongoing testimony does not compromise that basic right. But in a short recess in which it is appropriate to presume that nothing but the testimony will be discussed, the testifying defendant does not have a constitutional right to advice.

Id. (internal citations omitted).

III.

The denial of de la Garza's petition for habeas relief should be affirmed because the state court's holding is not contrary to clearly established federal law. Although, at first blush, Geders and Perry appear to provide a framework in which to analyze de la Garza's case, there are key distinctions between this case and Geders and Perry, and there is no Supreme Court precedent controlling the issues presented in this case. Indeed, in Geders and Perry, the defendants were prevented from speaking to counsel by order of the court, while in the present case, de la Garza claims that a jail guard would not permit him to call his attorney. For this reason, we would affirm even if we disregarded the state court's finding that de la Garza's right to counsel was neither denied nor interfered with and accepted de la Garza's position that a guard prevented him from calling his attorney.

Finally, it is well established that the factual determinations of the state court, including those by the state appellate court, are presumed to be correct. See Smulls v. Roper, 535 F.3d 853, *864 (8th Cir. 2008); Johnson v. Wyrick, 653 F.2d 1234, *1237 (8th Cir. 1981). For this reason, we are unpersuaded by de la Garza's argument that we should disregard the state court's factual determinations. Although de la Garza argues that the state court's determination that jail officials did not deny him access to counsel was based on either an unreasonable application of established principles or an unreasonable determination of the facts, this court defers to the factual findings of the state court and there is nothing in the record indicating that the presumption of correctness has been overcome.

IV.

For the foregoing reasons, we affirm the district court's order denying de la Garza's petition for writ of habeas corpus.

_____