# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2302

_____

Martin Ruiz Singh,           *
                             *
          Appellant,        *
                             *    Appeal from the United States
     v.                       *    District Court for the
                             *    Southern District of Iowa.
United States of America,    *
                             *    [UNPUBLISHED]
          Appellee.         *

_____

Submitted: May 10, 2010
Filed: May 14, 2010

_____

Before BYE, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Martin Ruiz Singh appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion in which he challenged his conviction and life sentence for conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine after having committed two or more prior felony drug offenses, all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Singh's original motion alleged three violations of his Sixth Amendment right to receive effective assistance from trial counsel; he later added a claim challenging the district court's jurisdiction to impose

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

a life sentence because the government did not serve upon him an amended notice of his prior convictions, pursuant to 21 U.S.C. § 851, after a grand jury returned a superseding indictment against him increasing the amount of meth involved in the drug charges from 50 grams to 500 grams. See United States v. Kamerud, 326 F.3d 1008, 1014 (8th Cir. 2003) ("[T]he government is not required to refile a notice of enhanced sentence under 21 U.S.C. § 851 after the return of a superseding indictment.").

Singh requested a certificate of appealability from the district court on the jurisdictional issue, citing a circuit split between the Eighth and Eleventh Circuits over whether strict compliance with Section 851 is jurisdictional. Compare United States v. Mooring, 287 F.3d 725, 727 (8th Cir. 2002) ("[T]he prosecution's noncompliance with § 851(a)(1) does not affect the court's jurisdiction") with United States v. Bowden, No. 08-11935, 2009 WL 32755, at *1 (11th Cir. Jan. 7, 2009) ("[T]he notice of enhancement did not strictly comply with § 851(a)(1) and the district court lacked jurisdiction to enhance Bowden's sentence."). The district court granted Singh's request.

On appeal, Singh acknowledges Mooring "held that Section 851 deficiencies do not deprive the court of subject-matter jurisdiction." Appellant's Br. at 14. Thus, rather than develop a jurisdictional argument, Singh alleges for the first time on appeal that the government's initial Section 851 notice violated his Fifth Amendment due process rights because it was misleading. We decline to address Singh's Fifth Amendment claim because it was not raised in the district court and is outside the scope of the certificate of appealability. See de la Garza v. Fabian, 574 F.3d 998, 1001 (8th Cir. 2009) ("The review of habeas petitions is limited to the issues in the certificate of appealability."); Zerilli v. United States, 706 F.2d 877, 879 n.4 (8th Cir. 1983) ("We normally do not consider issues raised for the first time on appeal, and see

-2-

no reason to do so here.").  We therefore affirm the district court.  <u>See</u> 8th Cir. R. 47B.[2]

_____

_____

[2]We also decline to address the Sixth Amendment ineffective assistance claim Singh raises on appeal because it is outside the scope of the certificate of appealability.